UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                 )

CERTAIN UNDERWRITERS AT                  )
LLOYD'S, LONDON, LEXINGTON           )
INSURANCE COMPANY, and                  )
WÜRTTEMBERGISCHE VERSICHERUNG AG  )
                                                )  Civil Action No.: 07-CV-7396-GBD
                             Plaintiffs    )
                                                )

              v.                                   )
                                                )

STERLING FINANCIAL INVESTMENT      )
GROUP, INC., CHARLES P. GARCIA, THOMAS G.  )
KARIDAS, and VFINANCE INVESTMENTS, INC.  )
                                                )
                             Defendants.  )
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**KISSEL PESCE HIRSCH & WILMER LLP**
Frederick J. Wilmer (FW-7796)
Panagiota Ainalakis-Barone (PAB-0528)
Attorneys for Plaintiffs
Certain Underwriters at Lloyd's, London,
Lexington Insurance Company, and
Württembergische Versicherung AG
580 White Plains Road
Tarrytown, New York 10591
(914) 750-5933

**PRELIMINARY STATEMENT**

Plaintiffs, Certain Underwriters at Lloyd's, London, Lexington Insurance Company, and Württembergische Versicherung AG, submit this memorandum of law in opposition to the Defendants' motion to dismiss, stay or transfer this action. Specifically, Defendant Charles Garcia ("Garcia") has claimed that this court should dismiss him from this action because he is not subject to personal jurisdiction in New York. The Defendants, not including the Defendant Thomas G. Karidas ("Karidas"), have also collectively moved to stay, dismiss or transfer this action to the action between most, but not all, of the parties here pending before the United States District Court for the Southern District of Florida (the "Florida Action"). Finally, Defendant Sterling Financial Investment Group Inc. ("Sterling"), purportedly on behalf of the other "Insureds," including Defendant Karidas, has moved to dismiss or stay this action so that the issues with respect to the *Cofinas* claim can be arbitrated according to the relevant insurance policy's Alternative Dispute Resolution Process ("ADR") provision.

For the reasons more fully set forth below and in the October 22, 2007 Declaration of Frederick J. Wilmer ("Wilmer Decl."), Defendants' motion should be denied in its entirety. At the very least, there remain significant questions of fact regarding, *inter alia*, whether this court can properly exercise personal jurisdiction over Defendant Garcia. Moreover, given the presence of a forum selection provision in one of the insurance policies and the fact that the same threshold issues exist with respect to both policies, Plaintiffs' choice of forum for litigating this dispute should prevail. In any event, there is sufficient information indicating a significant connection to New York with respect to the Defendants, the insurance relationships at issue and the underlying risk and claims, suggesting that Defendants' motion to stay, dismiss or transfer is, at best, premature. Finally, Defendant Sterling's request that this court dismiss or stay this action

and compel arbitration should either be denied or, to avoid the risk of inefficient adjudication of this dispute and inconsistent rulings, this court should order the entire dispute with respect to the threshold coverage issues to arbitration.

## **STATEMENT OF FACTS**

The Parties

Plaintiffs hereby incorporate Defendants' identification of the parties, as set forth in their moving papers, except add as follows:

- Defendant Sterling also continues to be registered and authorized through the New York State Department of State to transact business in New York. See Wilmer Decl., Ex. A. Defendant Sterling is also, on information and belief, owned and/or controlled, at least in part, by Defendant vFinance Investments, Inc. ("vFinance"). *See* Wilmer Decl., Ex. B.

- Defendant Garcia, in addition to being the "CEO of Sterling" as Defendants admit, is also an owner of the company and apparently its founder. *See id.* Defendant Garcia is also, on information and belief, an executive officer of Defendant vFinance. *See id.* Plaintiffs simply do not have enough information at this stage to confirm that the stated residence for Defendant Garcia is his sole residence.

- Defendant vFinance also currently maintains one or more offices, including at least one office within the territory of the Southern District of New York. *See* www.vFinance.com ("Contact Us" link).

- The Plaintiffs are all participating insurers under one or both of the policies at issue in this and in the Florida Action, policy nos. SF4030404 and FD0504362, exhibits "A" and "B" to the complaint in this action.

The Facts

On August 20, 2007, the Plaintiffs filed this lawsuit against the Defendants for declaratory judgment and breach of contract. The threshold issues in this action relate to the Defendants' continued failure to acknowledge their liability for each policy's stated $100,000 "Retention Amount" for each and every claim. *See Complaint*, Counts I, II, & V. The Plaintiffs had initially demanded arbitration against Defendants Garcia and Sterling with the International Centre for Dispute Resolution in New York ("ICDR") of the American Arbitration Association ("AAA") on September 28, 2006, and then amended this demand on March 26, 2007. *See* Wilmer Decl., Exs. C and D.

On or about August 3, 2007, Defendants Sterling and Garcia filed an amended complaint in the Circuit Court of Palm Beach County (the "Palm Beach Action") containing various claims arising out of or related to claims that Defendants had made under the referenced policies. The Defendants' claims for coverage involved four National Association of Securities Dealers ("NASD," n/k/a the Financial Industry Regulatory Authority ("FINRA")) arbitrations, not including the *Cofinas* claim. The Defendants' Sterling and Garcia named in their original complaint in the Palm Beach Action only their insurance brokers as defendants, but they later dismissed those brokers. After receiving an amended complaint, Plaintiffs here and Defendants in the Palm Beach Action timely filed a Notice of Removal, successfully removing the Palm Beach Action to the United States District Court for the Southern District of Florida, West Palm Beach Division (case no.: 9:07-CV-80788-KLR). *See* Wilmer Decl, Ex. E. The Florida Action includes claims and counterclaims for declaratory relief and breach of contract under policy nos. SF4030404 and FD0504362. However, the threshold issues, consistent with the threshold issues in the arbitration proceeding that Plaintiffs had initiated in September 2006, involve: (1) whether

each of the underlying claims are subject to a separate Retention Amount for each claim; (2) whether Defendants here are responsible for paying all loss amounts, including defense costs, within the Retention Amount for each claim; and (3) whether Plaintiffs here are entitled to recoup amounts they paid for defense costs within the Retention Amount, despite the fact that the Retention Amount had not yet been exhausted by payments for loss, including defense costs, by Defendants.

Each of the policies at issue, in virtually identical language, contains an ADR provision that reads:

> It is hereby understood and agreed that all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR") set forth in this clause.
>
> Either the Insurer or the Insured(s) may elect the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insureds' choice of ADR shall control.
>
> The Insurer and Insurerd(s) agree that there shall be two choices of ADR: (1) non-binding mediation administered by the America Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing commercial arbitration rules, in which the arbitration panel shall be composed of three disinterested individuals. In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator(s) or arbitrators shall also give due consideration to the general principals of the law of the state where the Broker/Dealer is incorporated in the construction or interpretation of the provisions of this policy; provided, however, that the terms, conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the

> manner most consistent with the relevant terms, conditions, provisions or exclusions of the policy. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation. In all events, each party shall share equally the expenses of the ADR.
>
> Either choice of ADR may be commenced in either New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver, Colorado; or in the state indicated in the Schedule page as the mailing address for the Broker/Dealer. The Broker/Dealer shall act on behalf of all Insureds in deciding to proceed with ADR under this clause.

*See* Wilmer Decl., Ex. F. In addition, policy no. FD0504362 , the policy from which the "Insureds" thereunder are seeking coverage for four of the five underlying arbitrations claims, including the *Cofinas* claim, contains in its insurance schedule a Choice of Law and Jurisdiction provision that reads:

> Any dispute concerning the interpretation of the terms, conditions, limitations and/or exclusions contained in this Policy is understood and agreed by both the insured and the insurers to be subject to the law of per Service of Suit.
>
> Each party agrees to submit to the jurisdiction of per Service of Suit to comply with all requirements necessary to give such Court jurisdiction.
>
> In respect of claims brought against the insured and indemnified under this policy, as more fully described herein, the choice of law applicable is New York and the choice of jurisdiction is New York.

*See* Wilmer Decl., Ex. G.

In submitting their motion papers, it is notable that Defendants Sterling and vFinance have not contested jurisdiction. However, despite what appear to be significant contacts with New York, both with respect to his business dealings as well as the insurance relationship that

exists, Defendant Garcia has nonetheless moved to dismiss on the ground that this Court lacks personal jurisdiction over him. Likewise, Defendants collectively seek to stay, dismiss and/or transfer this action because of the Florida Action. This is despite the significant connections the parties and the underlying claims have with New York, and the presence of a choice of jurisdiction provision in the policy that is relevant to the dispute over coverage for four of the five underlying arbitration claims. Finally, Defendant Sterling, on its own and purportedly on behalf of Defendant Karidas, seeks to dismiss or stay this action and compel arbitration (but not mediation), at least with respect to the *Cofinas* claim. It seeks this relief despite previously rejecting Plaintiffs' attempts to arbitrate the same threshold issues regarding the Retention Amount. At this stage, the parties have not initiated any discovery and Plaintiffs, although they have requested Defendant Karidas waive service though his New York counsel, have not yet effectuated service on him. For the reasons set forth below, the relief Defendants have requested is, at best, premature, and in any event should be denied (or this court should permit discovery and/or order an evidentiary hearing). At least with respect to Defendant Sterling's motion to compel arbitration, if this court is inclined to grant it relief, it should grant such relief as to all underlying claims with respect to the threshold issues involving the Retention Amount.

## ARGUMENT

### Personal Jurisdiction Over Defendant Garcia

Defendant Garcia's motion to dismiss is premised on his assertions that a New York court cannot exercise personal jurisdiction over him and that he supposedly "is not a party to the policies." *See* Defendants' Motion to Dismiss, ¶¶29-31.[1] The corporate Defendants, Sterling

---

[1] Garcia also seems to be asserting that this court does not have personal jurisdiction of him because venue is improper under 28 U.S.C. 1391. *See* Defendants' Motion of Dismiss, ¶¶22-24. Defendants have collectively challenged venue under separate point headers in their motion and cannot logically argue lack of personal

7

and vFinance, do not contest personal jurisdiction and indeed have waived any such argument under Fed. R. Civ. P. 12(g) and (h)(1) because they have, by their initial pleading, moved to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(3). *See* Motion to Dismiss at ¶49 and following "WHEREFORE" paragraph.[2] Because jurisdiction is proper over the corporate defendants and Defendant Garcia is, as further discovery will confirm, an executive officer, owner, controlling shareholder and employee of one or both corporate defendants, as well as an "Insured" under the insurance policies at issue, this court can properly assert jurisdiction over him. Therefore, Defendant Garcia's motion to dismiss for lack of personal jurisdiction should be denied.

Despite Garcia's assertion that this court lacks personal jurisdiction over him under §302 of the New York Civil Procedure Law and Rules, and his assertion that he is not an "Insured" under the policies, the pleaded and/or admitted facts and relevant policy language suggest otherwise. Defendant Garcia has himself sued the Plaintiffs under the policies as a named plaintiff in the Florida Action, *see* Wilmer Declaration, Ex. H, and has affirmatively pleaded here that he is the Chief Executive Officer of Sterling. *See* Motion to Dismiss at ¶2. In addition, although this will be subject to discovery, Defendant vFinance, of which it appears Defendant Garcia is also an officer, *see* Wilmer Declaration, Ex. I, has more than one office in New York, including one within the territory of the Southern District. *See* www.vFinance.com ("Contact Us" link). Sterling, or at least a significant amount of its assets, appear to be owned or controlled by vFinance, *see id.*, and, in any event, Defendants have admitted in the Florida Action that

---

jurisdiction based on the alleged improper venue of this action. Plaintiffs will therefore address Defendants' venue arguments separately.

[2] Defendants' Motion to Dismiss states in its introduction that it is being brought under 12(b)(1) and (6), although it appears that it has only premised its motion on 12(b)(2) as to Defendant Garcia, 12(b)(3) as to all Defendants, and to compel arbitration as to Defendant Sterling and on behalf of Defendant Karidas.

8

Sterling was a registered broker-dealer with FINRA (formerly NASD), a non-governmental regulatory agency for the trading and exchange of securities based in New York. *See* Wilmer Decl., Ex. J, at ¶7 of Counterclaims in Florida Action, and Wilmer Decl., Ex. K, at ¶13 of Answer to Counterclaims. Sterling, moreover, appears to continue to be actively registered to conduct business in New York. *See* Wilmer Decl., Ex. A. Thus, and consistent with Defendants Sterling's and vFinance's waiver of any challenges to this Court's jurisdiction, jurisdiction is clearly proper over them under either CPLR 301, based on at least vFinance's corporate presence in the state, or CPLR 302(a)(1), to the extent this court "may exercise personal jurisdiction over any non-domiciliary…who in person or though an agent…transacts any business within the state …."

The policies at issue here, exhibits A and B to Plaintiffs' complaint, each, in identical language, define "Insured" as, *inter alia*, "any past, present or future director, officer, partner or employee of the Broker/Dealer." *See* Wilmer Decl., Ex. L. Those same policies further define "Broker/Dealer" as "Sterling Financial Investment Group, Inc." *See id.* To this end, the coverage that the Defendants have sought would, subject to the coverage issues between the parties (none of which involve a dispute as to any party's status as an "Insured"), include coverage for Defendant Garcia as an "Insured" thereunder.[3] Indeed, Defendant Garcia has himself been named individually in at least one of the pending matters that have been tendered for coverage. *See* Wilmer Decl., Ex. N. There remain questions as to whether and to what extent Defendant Garcia has liability to the underlying claimants or Plaintiffs here with respect to the policies' Retention Amounts either as a direct respondent, an "Insured" under the policies or by virtue of his ownership/status with Defendants Sterling and vFinance. Moreover, the policy under which

---

[3] It is also worth noting that Defendant Garcia personally signed the applications for insurance as the person authorized to do so on behalf of Sterling. *See* Wilmer Decl., Ex. M.

9

Defendants are seeking coverage for four of the five underlying matters contains a New York choice of jurisdiction provision that provides in relevant part that for "claims brought against the insured and indemnified under this policy…the choice of law applicable is New York and *the choice of jurisdiction is New York.*" *See* Wilmer Decl., Ex. G (emphasis added).

Based on all these factors, it would appear that jurisdiction, being proper over Defendants Sterling and vFinance, is proper over Defendant Garcia, both with respect to his ownership/status with those defendants and also with respect to his "Insured" status under the policies at issue. Defendant Garcia has a direct and personal coverage interest under the policies, and certainly by his motion to dismiss does not intend to waive that interest, any claim he might have for coverage for any liability he has in the underlying actions or any of his claims in the Florida Action that are predicated on his "Insured" status under the policies.

Moreover, at least with respect to Defendant Sterling, and perhaps Defendant vFinance, both of which this court clearly has jurisdiction over, significant questions exist as to Defendant Garcia's ownership/status with those entities and, therefore, the extent to which the exercise of jurisdiction over him is proper. Indeed, the New York Court of Appeals has held that the exercise of personal jurisdiction over an individual with management control over and an ownership interest in a corporation subject to personal jurisdiction in New York was proper. *See Kreutter v. McFadden* 71 N.Y.2d 460, 466-72 (N.Y. 1988). In *Kreutter,* the Court specifically rejected the individual defendant's attempt to hide behind the so-called "fiduciary shield doctrine" (as well as the doctrine itself in the personal jurisdiction context) to avoid personal jurisdiction where he claimed he had only acted in a corporate capacity. *See id.*

Here, Defendants Sterling and vFinance are admittedly subject to personal jurisdiction in New York, and there seems to be sufficient evidence suggesting that jurisdiction may be equally

proper over Defendant Garcia given his role as officer and/or owner of one or both entities and as an "Insured" under the policies, including the policy containing a New York choice of jurisdiction provision. Whether Defendant Garcia's potential liability to the underlying claimants would be covered under the policies and whether he is liable to Plaintiffs here based on his ownership/status with Defendants Sterling or vFinance, or simply by virtue of his apparent status as an "Insured" under the policies, present significant questions of fact that cannot simply be resolved by Defendants' dismissive assertions in their motion papers. *See, e.g., Atlantic Mutual Ins. Co. v. M/V Humacao,* 169 F.Supp.2d 211, 217-218 (S.D.N.Y. 2001) (forum selection clause establishes *prima facie* consent to jurisdiction; at pre-discovery phase, burden of satisfying personal jurisdiction is *de minimis* rendering motion to dismiss premature); s*ee also, Local 875 Int'l. Brotherhood of Teamsters Pension Fund v. Pollack,* 992 F.Supp.2d 545, 560 (E.D.N.Y. 1998) (it was unnecessary to resolve factual disputes regarding personal jurisdiction in pre-discovery phase, particularly where jurisdictional factors affect merits of claims). At the very least, there remain significant questions of fact that can only be ascertained through discovery, rendering a grant of Defendant Garcia's motion to dismiss premature. This court therefore should deny Defendant Garcia's motion to dismiss for lack of personal jurisdiction, or at the very least allow additional discovery to proceed on this issue.

### **Defendants Motion to Transfer, Dismiss and/or Stay this Action Should be Denied**

Defendants Sterling, vFinance and Garcia have also moved to transfer, dismiss and/or stay this action so the Florida Action may proceed. In making this motion on behalf of three of the four named Defendants, Texas counsel makes representations regarding the corporate domiciles and residences of the Defendants, highlights factors supposedly relating to the convenience of the parties and the economies of litigation, and suggests the impact this matter

may have on the other pending case, including the possibility of inconsistent rulings. However, even at this very early stage of the case, it is apparent that New York is not as disconnected to the dispute as Defendants have represented to this court. First, there is a fourth Defendant, Karidas, who is not part of the Florida litigation and has yet to appear here, but who has been asked through his designated New York counsel to waive service, *see* Wilmer Decl., Ex. R, and whose interests may not be advanced by litigation outside of New York. Second, Defendants completely ignore the fact that the policy that they have asserted applies to four of the five underlying arbitration claims, including the *Cofinas* claim involving Defendant Karidas, contains a New York choice of law and jurisdiction provision. Third, the policies themselves have a connection to New York, including designation of New York entities for notice of claim and as surplus lines broker. Fourth, businesses of the Defendants, the underlying claims and, indeed, the risks the Plaintiffs insured have significant connection to New York. These connections include the actual presence in New York of vFinance, registration and governance of the Insureds' operations as a securities broker/dealer by the FINRA organization based in New York and actual pendency of at least one of the underlying arbitration claims in New York. *See* Wilmer Decl., Ex. T.

With respect to Defendant Karidas, he may argue that all of the interests and concerns that Defendants Sterling, vFinance and Garcia claim justify the relief they are seeking actually justify keeping the action in New York. The threshold issues relating to the Retention Amount are the same with respect to all of the underlying claims for which Defendants have sought coverage to the extent that the joinder of the claims and remedies in one proceeding is clearly justified under Fed. R. Civ. P 18. Indeed, the joinder of Defendant Karidas, subject to effectuation of service of process and additional discovery, may be mandatory under Fed. R. Civ.

12

P. 19 and 21. However, because of the choice of law and New York jurisdiction provision in the policy under which the *Cofinas* claim was reported, the Plaintiffs were not free to unilaterally add the dispute regarding the *Cofinas* claim to the Florida Action. As New York is the only jurisdiction that the Insurers believe, absent a waiver by all of the potential insureds of the New York choice of jurisdiction provision, they could litigate the issues relating to the *Cofinas* claim, including the threshold issues relating to the Retention Amount, the concerns Defendants mention simply cannot trump the appropriateness of a New York forum. At this stage, and similar to the inconsistency of its current position regarding the arbitrability of the dispute discussed below, Defendants' position creates a procedural catch-22 that would only allow the dispute to proceed where and when the Defendants dictate, based not on any principled legal, factual or contractual reasons, but solely on their own whim. Thus, the concerns that Defendants mention to support the relief they are requesting are not assuaged by the relief they request.

More importantly though, the Defendants completely ignore that the policy under which the "Insureds" thereunder have sought coverage for four of the five underlying arbitration claims contains a choice of law and jurisdiction provision specifying New York. By virtue of this provision, all parties to which the policy applies, the Plaintiffs as well as the Defendants (as direct "Insureds" or beneficiaries and/or obligors with respect to the policy's terms and conditions), have agreed to determine all disputes "[i]n respect of claims" under the policy by applying New York law and using a New York "choice of jurisdiction." *See* Wilmer Decl., Ex. G. In this regard, forum selection clauses specifying the jurisdiction for a dispute are generally given considerable weight in assessing whether to transfer a case. *See Stewart v. Risk Corp.*, 487 U.S. 22, 29-31 (1988). Moreover, given the general reluctance of courts to disturb the parties' contractually specified jurisdiction and deference courts give to a plaintiff's choice of forum, the

burden is squarely on the Defendants here to persuade the court that a change of forum is warranted. *See, e.g., Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1275 (S.D.N.Y. 1992); *see also Mpower Communications Corp. v. Voipld.com. Inc.*, 304 F.Supp. 2d 473, 475 (W.D.N.Y. 2004). Therefore given the strong inclination of courts to uphold forum selection clauses, cursory assertions attacking the chosen forum are simply not enough to justify transfer. *See e.g., Quebecor World (USA), Inc. v. Harsha Assoc., L.L.C.*, 455 F.Supp. 2d 236, 246 (W.D.N.Y. 2006) (denying motion to transfer and noting "heavy burden" of proof on party seeking to transfer despite presence of forum clause).

Defendants simply have not met their burden here. Defendants cannot complain that the New York choice of jurisdiction is random and not reasonably related to the parties or insurance policies that govern their relationship. In addition to the designation of choice of law and jurisdiction as New York in policy no. FD0504362, the policies themselves have a connection to New York. Policy no. SF403040X indicates that in purchasing the policy, the parties used a New York surplus lines broker to perform the required Florida insurance filings. *See* Wilmer Decl., Ex. U. Both policies direct notices thereunder to entities with New York addresses. Also the arbitration that Plaintiffs first commenced under the policies was referred to the AAA's ICDR office in New York City, and there is every reason to believe the same will happen with respect to the arbitration the Defendants now claim they will be initiating with respect to the *Cofinas* claim.[4] Thus, the insurance relationship between the parties has a meaningful relationship with New York, supporting the choice of jurisdiction in policy no. FD0504362.

Also, given the significant relationships to New York through the Defendants' businesses and affiliations, it is curious that they would contest the Plaintiffs' choice of forum in New York

---

[4] The policies' ADR provision specifies "New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver Colorado" as potential locations for the ADR contemplated thereunder. *See Wilmer Decl.*, Ex. F.

14

on the grounds they have raised. All of the Defendants clearly have a direct affiliation with the finance industry in New York given vFinance's presence in the state, including within the territory of the Southern District, and the fact that as securities broker/dealers, they are registered and governed by the FINRA entity based in New York. Moreover, Defendants cannot credibly claim (although they have) that the subject matter of this litigation, insurance coverage for the underlying claims, including one that is being arbitrated through FINRA in New York, has "no material connection to New York."

In any event, because the policy governing four of the five claims specifies the choice of law and jurisdiction as New York, the more appropriate venue for the dispute between the parties, including that aspect involving the *Cofinas* claim, is in New York. Indeed, the segregation of the dispute, which involves the same threshold issues, as between this court (because, at least with respect to Defendant Karidas, the policy requires a New York choice of jurisdiction), the Florida court, and, as the Defendants suggest, arbitration, runs absolutely contrary to all of the factors the Defendants cite as justifying a stay, dismissal and/or transfer of this action. Subject to their arguments below regarding arbitration, although the Defendants do not address the possibility in their motions papers, a ruling that grants their requested relief could very well result itself in piecemeal litigation in multiple jurisdictions and fora, a highly inefficient way to proceed and one that runs the risk of inconsistent findings on the threshold issues in this dispute. This action, as pleaded by the Plaintiffs, is the most complete action and, in comparison to the Florida Action, the only one currently structured to grant complete relief as to all relevant parties on all issues. This court should therefore deny Defendants' second and third requests for relief seeking a stay, dismissal and/or transfer of this action.

### This court should either deny Defendants' motion to compel arbitration for only one aspect of this action, or order the enter action into arbitration

The Defendant Sterling, individually and purportedly on behalf of Defendant Karidas, has sought a dismissal of this action with respect to one aspect, the *Cofinas* claim, and to compel arbitration (and not mediation) of that aspect. Defendant Sterling invokes the relevant policy's ADR provision and the Federal Arbitration Act section, 9 U.S.C. §2, that makes arbitration provisions in written contracts "valid, irrevocable and enforceable." The very basic threshold issues in this litigation with respect to the *Cofinas* claim, as it is with respect to the four other underlying claims, are: (1) whether each of the underlying claims are subject to a separate Retention Amount for each claim; (2) whether Defendants here are responsible for paying all loss amounts, including defense costs, within the Retention Amount for each claim; and (3) whether Plaintiffs here are entitled to recoup amounts they paid for defense costs within the Retention Amount, despite the fact that the Retention Amount had not yet been exhausted by payments for loss, including defense costs, by Defendants.

At least with respect to the first four of the five claims, Plaintiffs had sought over a year ago to initiate arbitration under the ADR provisions of the policies of these threshold issues and recoup payments they had made within the Retention Amounts. *See* Wilmer Decl. Exs. C and D. Despite the fact that Defendant Sterling now seeks to stay this action and compel arbitration with respect to the *Cofinas* claim, including the above threshold issues, it had previously rejected the arbitration it now seeks to compel. *See* Wilmer Decl., Ex O. Indeed, as recently as August 1, 2007, its counsel (of counsel in this matter) forwarded an e-mail to the American Arbitration Association that read:

> I do not know how I can make myself any more clear, but we are not willing to participate in any Arbitration in regard to the issues at hand. We converted the first Arbitration to Mediation

> pursuant to the policy, and now, again pursuant to the policy, after 120 days after the conclusion of the Mediation, we brought suit, including a claim to stop this Arbitration.
>
> We are not committed by contract or any other way to participate in arbitration, and will not do so.

Wilmer Decl. Ex. P. Furthermore, the amended complaint in the Florida Action includes an entire count devoted to efforts of the Insurer Defendants in that case (the Plaintiffs here) to invoke arbitration over the threshold issues relating to the Retention Amount. *See* Wilmer Decl., Ex. Q, at ¶¶43-48. In this count, Sterling and Garcia, Defendants here, not only reiterate that they are not interested in arbitration, but actually seek damages, including extra-contractual damages, with respect to what they call the "unauthorized arbitration."

Now, when faced with a lawsuit seeking, *inter alia*, a declaration regarding the threshold issues relating to the Retention Amount, and recoupment of funds Plaintiffs have paid within the Retention Amount, Sterling, through its new Texas counsel, asks this court for a dismissal and an order compelling arbitration regarding the *Cofinas* claim. Any such arbitration would, of course, include the very same threshold issues regarding the Retention Amount that were the subject of the original arbitration request and also are essential to both this action and the Florida Action.

Defendant Sterling, on behalf of all "Insureds," appears to have expressly waived, by its prior conduct and pleading, its right to rely on the policies' ADR provisions to compel arbitration.[5] However, if this Court chooses to dismiss this matter and compel arbitration of the coverage issues relating to the *Cofinas* claim, it should follow suit and order arbitration for all

---

[5] Although it had the option under the policies' ADR provisions to elect either arbitration or mediation in lieu of litigation, it has chosen arbitration. Unlike the situation where the Insurers elect arbitration and the Insureds may reject that choice and opt instead for mediation, where the Insured chooses the ADR proceeding, that decision, according to the provision, is binding on both parties without any right to opt-out. Thus, by Defendant Sterling's motion to dismiss, and in light of its claimed standing to "act on behalf of all Insureds," *see* Motion to Dismiss at ¶52, its election of arbitration is binding as the Insureds' election of an ADR process. *See, id.*, at ¶55 and following "WHEREFORE" claims.

claims, at least with respect to the threshold issues regarding the Retention Amount. Otherwise, allowing the *Cofinas* claim to go to arbitration, while at the same time allowing the same threshold issues to be litigated here or in Florida, runs the very real risk of duplicative litigation, the unnecessary exhaustion of party and judicial resources and, in the Defendants' own words, "multiple rulings...on the same underlying issues." These are the very same concerns underlying the Defendants' motion to dismiss, transfer or stay this litigation. Therefore, this court should deny Defendant Sterling's motion to dismiss or stay this action and compel arbitration because it has expressly waived its right to do so. Alternatively, if this court is inclined to grant Defendants' motion, it should do so for the entire action, at least until the threshold issues relating to the Retention Amount are decided and/or allow the AAA to assess the arbitrability of all issues in light of the Defendants' prior position on arbitration and most recent change of that position.[6]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, stay or transfer this action should be denied. Alternatively, to the extent this court may be disinclined to deny the aspects of Defendants' motion seeking to dismiss, stay or transfer based on lack of jurisdiction or Plaintiffs' choice of venue, Plaintiffs request that this court exercise its discretion to permit discovery on the issues relative to the motion. Finally, and again in the alternative, if this court is disinclined

---

[6] To this end, the American Arbitration Association continues to maintain an open file on this matter pending developments in this and the Florida litigation and has requested an update on proceedings by November 5, 2007. *See* Wilmer Decl., Ex. S. At that time, the parties will need to advise the case manager of Sterling's apparent change of position and that there now are questions regarding the arbitrability of the entire matter, at least with respect to the threshold issues.

to deny the Defendants' motion with respect to arbitration, it should order the entire action into arbitration, at least as it relates to the threshold issues regarding the Retention Amount.

Dated: Tarrytown, New York
       October 22, 2007

                                 **KISSEL PESCE HIRSCH & WILMER LLP**

                                 By: _____
                                      Frederick J. Wilmer (FW-7796)
                                      Panagiota Ainalakis-Barone (PAB-0528)
                                      Attorneys for Plaintiffs
                                      Certain Underwriters at Lloyd's, London,
                                      Lexington Insurance Company, and
                                      Württembergische Versicherung AG
                                      580 White Plains Road
                                      Tarrytown, New York 10591
                                      (914) 750-5933