STATES DISTRICT COURT
THERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
CERTAIN UNDERWRITERS AT ) Civil Action
LLOYD'S, LONDON, LEXINGTON )
INSURANCE COMPANY, and )
WÜRTTEMBERGISCHE VERSICHERUNG AG )
) Case No.: 07CV7396-GBD
Plaintiffs )
)
v. )
)
STERLING FINANCIAL INVESTMENT )
GROUP, INC., CHARLES P. GARCIA, THOMAS G. )
KARIDAS, and VFINANCE INVESTMENTS, INC. )
)
Defendants. )
------------------------------------------------------------------X

## DECLARATION OF FREDERICK J. WILMER IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1. My name is Frederick J. Wilmer. I am over 18 years of age, am competent to testify, and am authorized to make this declaration on behalf of Plaintiffs, Certain Underwriters at Lloyd's, London ("Lloyd's"), Lexington Insurance Company ("Lexington"), and Württembergische Versicherung AG ("Württ") (hereinafter referred to collectively as "Insurers" or "Plaintiffs"). I am familiar with the proceedings herein and the matters set forth below.

2. I am a member of the law firm Kissel Pesce Hirsch & Wilmer LLP, counsel for Plaintiffs in this action, and I am admitted to practice before this Court. I submit this declaration in support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

3. The following listed exhibits, contained in a separately bound volume(s), are being submitted in support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

**Exhibit A:** NYS Department of State Division of Corporations Entity Information for Sterling Financial Investment Group, Inc.

**Exhibit B:** "Middle Men" article in the March 2006 issue of *South Florida CEO.*

**Exhibit C:** Plaintiffs' Demand for Arbitration against Defendants Garcia and Sterling, filed with the American Arbitration Association ("AAA") on September 28, 2006.

**Exhibit D:** Plaintiffs' Amended Demand for Arbitration against Defendants Garcia and Sterling, filed with the international division of the AAA (the International Centre for Dispute Resolution in New York, New York) on March 26, 2007.

**Exhibit E:** Defendants' (Plaintiffs here) Notice of Removal filed with the United States District Court for the Southern District of Florida on August 30, 2007.

**Exhibit F:** Excerpt from the Alternative Dispute Resolution provision of the policies:

> It is hereby understood and agreed that all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR") set forth in this clause.
>
> Either the Insurer or the Insured(s) may elect the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insureds' choice of ADR shall control.
>
> The Insurer and Insurerd(s) agree that there shall be two choices of ADR: (1) non-binding mediation administered by the America Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing commercial arbitration rules, in which the arbitration panel shall be composed of three disinterested individuals. In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to

the matters in dispute. The mediator(s) or arbitrators shall also give due consideration to the general principals of the law of the state where the Broker/Dealer is incorporated in the construction or interpretation of the provisions of this policy; provided, however, that the terms, conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the manner most consistent with the relevant terms, conditions, provisions or exclusions of the policy. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation. In all events, each party shall share equally the expenses of the ADR.

Either choice of ADR may be commenced in either New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver, Colorado; or in the state indicated in the Schedule page as the mailing address for the Broker/Dealer. The Broker/Dealer shall act on behalf of all Insureds in deciding to proceed with ADR under this clause.

**Exhibit G:** Excerpt from the Choice of Law and Jurisdiction provision of policy FD0504362:

Any dispute concerning the interpretation of the terms, conditions, limitations and/or exclusions contained in this Policy is understood and agreed by both the insured and the insurers to be subject to the law of per Service of Suit.

Each party agrees to submit to the jurisdiction of per Service of Suit to comply with all requirements necessary to give such Court jurisdiction.

In respect of claims brought against the insured and indemnified under this policy, as more fully described herein, the choice of law applicable is New York and the choice of jurisdiction is New York.

**Exhibit H:** Plaintiffs' (Defendants Sterling and Garcia here) complaint, filed in the Circuit Court of Florida, Palm Beach County, on July 24, 2007.

**Exhibit I:** Public information reflecting that defendant Charles P. Garcia is President of "Sterling Hispanic Capital Markets Group," a division of vFinance Investments. *See* www.vfinance.com.

**Exhibit J:** Defendants' (Plaintiffs here) Answer, Affirmative Defenses, Counterclaims and Third Party Complaint, filed in the United States District Court for the Southern District of Florida on September 20, 2007.

**Exhibit K:** Plaintiffs' (Defendants Sterling, Garcia and vFinance here) Reply to Affirmative Defenses and Answers to Counterclaims and Third Party Complaint, filed in the United States District Court for the Southern District of Florida on October 10, 2007.

**Exhibit L:** Excerpt from the policies' definitions of "Insured":

> "Insured" means:
>
> (1) the Broker/Dealer
>
> (2) any past, present or future director, office, partner or employee of the Broker/Dealer, and
>
> (3) any past, present or future Registered Representatives of the Broker/Dealer.
> *See Definitions 2.(f)*.

**Exhibit M:** The insurance application for policy FD0504362 as executed by defendant Charles P. Garcia on April 13, 2005.

**Exhibit N:** The Uniform Submission Agreement and caption from the customer arbitration filed with the National Association of Securities Dealers ("NASD") (now the Financial Industry Regulatory Authority ("FINRA")), which names defendant Charles P. Garcia as an individual respondent.

**Exhibit O:** September 30, 2006 e-mail from Peter Ticktin (of counsel in this action) to the AAA rejecting Plaintiffs' (the Insurers) proposed arbitration and electing mediation.

**Exhibit P:** August 1, 2007 e-mail from Peter Ticktin (of counsel in this action) to Miroslava Schierholz, case manager for the AAA arbitration action Plaintiffs filed against Defendants on September 28, 2006.

**Exhibit Q:** Plaintiffs' (Defendants Sterling and Garcia here) Amended Complaint for Damages and Declaratory Relief filed with the Circuit Court of Florida, Palm Beach County, on August 3, 2007.

**Exhibit R:** Plaintiffs' August 27, 2007 Notice of Lawsuit and Request for Waiver of Service of Summons and unexecuted Waiver of Service to David Gourevitch of Law Offices of David Gourevitch.

**Exhibit S:** September 29, 2007 e-mail from Miroslava Schierholz, case manager for the arbitration action Plaintiffs filed against Defendants on September 28, 2006, to counsel for the parties to this action (with the exception of defendant Karidas), seeking an update on the litigation between the parties by November 5, 2007.

**Exhibit T:** Caption from the customer arbitration filed with the NASD (now FINRA), which, upon information and belief, is presently venued in New York, New York.

**Exhibit U:** Excerpt from slip of policy SF403040X identifying Frank Crystal & Co., Inc., 40 Broad Street, New York, NY 10004, as the surplus lines broker and the authorized representative for Notice of Claim under the policy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22 day of October, 2007.

KISSEL PESCE HIRSCH & WILMER LLP

By: _____
Frederick J. Wilmer (FW-7796)