# EXHIBIT Q

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

502007CA011999

CASE NO: ▓▓▓▓▓▓▓▓▓XXXX MB AB

STERLING FINANCIAL INVESTMENT
GROUP, INC., a Florida corporation
(and CHARLES GARCIA
individually)

      Plaintiff,

v.

AON LIMITED, a foreign corporation,
and SWINGLEHURST LIMITED,
BRIT SYNDICATES, a foreign corporation,
LEXINGTON INSURANCE COMPANY,
a foreign corporation, ACE SYNDICATES,
a foreign corporation, and WURTT,
a foreign corporation,

      Defendants.

_____/

*Amended*



## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

The Plaintiff, STERLING FINANCIAL INVESTMENT GROUP, INC., a Florida corporation (hereinafter "STERLING") by and through its undersigned attorneys, hereby brings suit against AON LIMITED (hereinafter "AON"), (hereinafter sometimes collectively referred " ABL INSURER") a foreign corporation, a foreign corporation, BRIT SYNDICATES (hereinafter "BRIT"), a foreign corporation, LEXINGTON INSURANCE COMPANY (hereinafter "LEXINGTON"), a foreign corporation, SWINGLEHURST LIMITED (hereinafter "SWINGLEHURST"), ACE SYNDICATES (hereinafter "ACE"), a foreign corporation, and WURTT, a foreign corporation, (hereinafter "WURTT"), (hereinafter sometimes collectively referred " SW INSURER") and states:

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

**EXHIBIT**

*A*

1.      This is an action for damages in excess of $15,000 exclusive of interest, costs and attorneys' fees.

2.      At all times material hereto STERLING, a Florida corporation was authorized to do business and conducted business in Palm Beach County, Florida.

3.      The Defendant, AON is a wholly owned subsidiary of Aon Corporation. Aon Corporation 's an Insurance Firm, is headquartered in Chicago, Illinois and pursuant to the underlying Contract has availed itself to Florida's jurisdiction. AON is the Issuer of Insurance contract FD0504362 attached as Exhibit "A".

4.      The Defendant, BRIT, is a fifty (50) percent underwriter for Insurance contract FD0504362.

5.      The Defendant, LEXINGTON, is a fifty (50) percent underwriter for Insurance contract FD0504362.

6.      The Defendant, SWINGLEHURST, is a London, England based Insurance Company, who has an office in Miami, Florida, and for all matters has availed itself to the Florida Jurisdiction. SWINGLEHURST, is the Issuer of Contract #SF403040X attached as Exhibit "B".

7.      The Defendant, ACE, is a fifty (50) percent underwriter for Insurance contract SF403040X.

8.      The Defendant, WURTT, is a fifty (50) percent underwriter for Insurance contract SF403050X.

9.      AON contracted with STERLING to insure STERLING regarding Professional Risks. On or about May 24, 2005 STERLING entered into a Professional Risks Policy #FD0504362 (hereinafter "Aon Agreement") with AON.

2

10.    Pursuant to the AON Agreement, section 1(c)(1), the "Insurer shall have the right and duty to defend, subject to and as part of the limits of Liability, any Claim made against the Insureds during the Policy Period. Exhibit "A"

11.    Furthermore in Section 6 of the AON Agreement clearly states that "[t]he insurer shall **only** be liable for the amount of Loss arising from a Claim which is **in excess** of the applicable Retention Amount"(emphasis added.) Exhibit "A"

12.    SWINGLEHURST contracted with STERLING to insure STERLING regarding Security Brokers/Dealer Errors and Omissions Insurance, Claims Made Basis. On or about May 9, 2004 STERLING entered into a Security Brokers/Dealer Errors and Omissions Insurance, Claims Made Basis Policy # SF403040X (hereinafter "SW Agreement") with SWINGLEHURST.

13.    Pursuant to the SW Agreement, section 1(c)(1), the "Insurer shall have the right and duty to defend, subject to and as part of the limits of Liability, any Claim made against the Insureds during the Policy Period. Exhibit "B."

14.    Furthermore in Section 6 of the SW Agreement clearly states that "[t]he insurer shall **only** be liable for the amount of Loss arising from a Claim which is **in excess** of the applicable Retention Amount"(emphasis added.) Exhibit "B"

15.    On or about April 18, 2005, a Statement of Claim was filed against STERLING by Roger Wheeler et al.(hereinafter "Wheeler Claim"), alleging 14 causes of action and seeking compensatory damages, including out of pocket losses in the sum of $3 million dollar. Pursuant to Policy SF403040X, on May 12, 2005, the Notice was forwarded to AON Risk Services.

16.    On or about July 18, 2005, a Statement of Claim was filed against STERLING

3

by Carmella Donnino alleging 3 causes of action, and sought damages in the range of $100,000.00 to $500,000.00. This Cause of action came under the FD0504362 Policy. Exhibit "A"

17.     On or about October 31, 2005, Charles P. and Francis Camilleri filed a Statement of Claim with the NASD against STERLING. The Claimants' alleged five causes of action, and sought unspecified amounts including disgorgement of all unjust enrichment, lost profits, punitive damages.   This Cause of Action came under the FD0504362 Policy.

18.     On or about January 4, 2006 a Statement of Claim was filed against Sterling Financial in the NASD by Howard and Diana Frank.  The Claimants' alleged 3 causes of action seeking damages in the range of $100,000.00 to $500,000.00 amounts.    This Cause of Action came under the FD0504362 Policy.

19.     The amount of the retention was $75,000 in any case where the Defendant required settlement.

20.     The Plaintiff has been required to hire counsel to prosecute this matter, and the Plaintiff has agreed to pay a reasonable fee for the legal services rendered by the undersigned counsel.

## COUNT-I DECLARATORY RELIEF AS TO SF403040X

21.     The Plaintiff, STERLING, avers each allegation contained in paragraphs 1 through 15, above as through fully set forth herein.

22.     An actual controversy has arisen and now exists between STERLING and the Defendants, SWINGLEHURST, ACE, and WURTT concerning their respective rights and duties in that the STERLING contends that the SW INSURERS are liable for the Loss and for the Defense Costs if the amount of the claim is in excess of the Retention Amount,

4

which under is SF403040X is $100,000.00. Exhibit "B"

23.     The SW Agreement does not articulate that the Insurer shall only be liable for the amount of Loss and Defenses Costs above the Retention Amount.

24.     Nor does the SW Agreement dictate that it is a requisite that the Retention amount be exhausted as a condition precedent for the SW INSURERS' obligations to arise.

25.     STERLING desires a judicial determination of SW INSURERS' rights and duties, and a declaration as to the payment of Loss and Defense Costs in Claims.

26.     A Judicial declaration is necessary and appropriate at this time under the circumstances in order that STERLING may ascertain its rights and duties under policy SF403040X.

27.     Due to SW INSURERS' refusal to fulfill its obligations under policy SF403040X, STERLING is liable for all attorneys' fees and other Losses accrued in the underlying cases and is suffering by the unsettled state of affairs.

28.     STERLING was forced to seek its own counsel to defend its position when SW INSURERS' ordered the original defense attorneys to withdraw from the underlying cases.

29.     STERLING was forced to pay its own settlement claims.

30.     STERLING has exhausted its administrative remedies.

31.     The requirement of payment of attorneys' fees is inappropriately being required of STERLING, as the Defendants had a duty to Defend, although it is agreed that if the amount that was ultimately awarded to any of the claimants would have been in excess of the policy limits, that the amount of the fees would have been added to the

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

amount of the recovery to ascertain the amount payable for the insured amount.

WHEREFORE, the Plaintiff asks this Honorable Court for a judgment asks this Honorable Court to enter judgment against the Defendants, SW INSURER, for a declaration that the SW INSURER is liable for all Attorneys' fees expended to defend the underlying claims, for attorneys' fees pursuant to § 627.428, Florida Statutes, its costs, and such further and other relief as this Honorable Court may deem just and proper.

### COUNT-II DECLARATORY RELIEF AS TO FD0504362

32. The Plaintiff, STERLING, avers each allegation contained in paragraphs 1 through 16, above as through fully set forth herein.

33. An actual controversy has arisen and now exists between STERLING and the Defendant, AON, BRITT, and LEXINGTON concerning their respective rights and duties in that the STERLING contends that the ABL INSURERS are liable for the Loss and for the Defense Costs if the amount of the claim is in excess of the Retention Amount, which under is FD0504362 is $100,000.00. Exhibit "A"

34. The Aon Agreement does not articulate that the Insurer shall only be liable for the amount of Loss and Defenses Costs above the Retention Amount.

35. Nor does the Aon Agreement dictate that it is a requisite that the Retention amount be exhausted as a condition precedent for ABL's obligations to arise

36. STERLING desires a judicial determination of ABL's rights and duties, and a declaration as to the payment of Loss and Defense Costs in Claims.

37. A Judicial declaration is necessary and appropriate at this time under the circumstances in order that STERLING may ascertain its rights and duties under policy FD0504362.

6

38.     Due to ABL's refusal to fulfill its obligations under policy FD0504362, STERLING is allegedly liable for all attorneys' fees required to defend the underlying claims.

39.     STERLING was forced to seek its own counsel to defend its position when AON ordered the original defense attorneys to withdraw from the underlying cases.

40.     STERLING was forced to pay its own settlement claims.

41.     STERLING has exhausted its administrative remedies.

42.     The requirement of payment of attorneys' fees is inappropriately being required of STERLING, as the Defendants had a duty to Defend, although it is agreed that if the amount that was ultimately awarded to any of the claimants would have been in excess of the policy limits, that the amount of the fees would have been added to the amount of the recovery to ascertain the amount payable for the insured amount.

WHEREFORE, the Plaintiff asks this Honorable Court for a judgment asks this Honorable Court to enter judgment against the Defendant, ABL, for a declaration that the INSURER is liable for all Attorneys' fees expended to defend the underlying claims, for attorneys' fees pursuant to § 627.428, Florida Statutes, its costs, and such further and other relief as this Honorable Court may deem just and proper.

## COUNT III - BREACH OF CONTRACT BY DEFENDANTS
## IMPROPERLY ATTEMPTING TO IMPOSE ARBITRATION

43.     The Plaintiff avers and alleges paragraphs 1 through 14 and incorporates the allegations set forth therein by reference as though fully set forth in this count.

44.     The policy of insurance provides that either party may require either arbitration or mediation. The Defendants required Arbitration, but the Insured had the right

7

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

to convert to Mediation, and then file suit after a period of 120 days. The Insured exercised their right to convert the arbitration to a mediation, and the parties attended a mediation which was fruitless.

45.     Then, with no contractual authority, the Defendants maintained that they had a continuing right to arbitration, and the Insured consistently refused to participate. Presently, the Defendants are moving forward with arbitration, without the Insured.

46.     The Plaintiff was required to pay its attorneys to take action to resist the unauthorized arbitration, and has suffered damage in that regard.

47.     Moreover, the Plaintiff is most concerned that the Defendants will go forward and obtain some award in default from the arbitration, as the Plaintiffs are refusing to participate.

48.     WHEREFORE, the Plaintiffs seek Declaratory relief as to whether there is any right of the Defendants to require that the Plaintiffs be bound by any outcome of the arbitration that the Defendants are pursuing; injunctive relief that the Defendants be enjoined from any further conduct that requires or pretends to require the Plaintiff to participate in arbitration; compensatory damages for the expenses and inconvenience suffered by the Plaintiffs in resisting the unauthorized arbitration, attorneys' fees pursuant to § 627.428, Florida Statute, and such further and other relief as this Honorable Court may deem just.

## COUNT IV - BREACH OF CONTRACT AS TO SF403040X AND FD0504362

49.     The Plaintiff avers and alleges paragraphs 1 through 14 and incorporates the allegations set forth therein by reference as though fully set forth in this count.

50.     Under Policy SF403040X and Policy FD0504362, the Defendants had a duty

8

to defend STERLING.

51.     The Defendants not only failed to properly defend STERLING, but they acted in bad faith in demanding a settlement as soon as it appeared that he negotiations were reduced to an amount below the sum of the deductible or the reserve.  In effect, the Defendants forced the Plaintiff to settle at an amount higher than the amount that would have ultimately been payable.  The Defendants did this to save itself monies at the expense their insured, and therefore, they acted in bad faith.

WHEREFORE, the Plaintiff, STERLING, asks that this Court enter a Final Judgment for punitive and compensatory damages for the intentional wrongdoing in that the Insurer had a duty to defend an amount that is owed to third Parties in the underlying Causes of Action pursuant to the terms of the policy, exclusive of interest and costs plus, prejudgment interest at the statutory rate, attorneys' fees pursuant to § § 627.428, Florida Statute, costs, and such further and other relief as this Honorable Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

The Plaintiff demands trial by jury on all issues so triable.

Dated this 3rd of August 2007.

TICKTIN & RODRIGUEZ, P.A.
Attorneys for the Plaintiffs
3700 Coconut Creek Parkway
Suite 160
Coconut Creek, Florida  33066
Telephone: (954) 978-8950


EJOLA CHRISTLIEB COOK
FLORIDA BAR NO.: 0010327

9

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 50 2007CA001997XXXX MB AB

STERLING FINANCIAL INVESTMENT
GROUP, INC., a Florida corporation
(and CHARLES GARCIA
individually)

       Plaintiff,

v.

AON LIMITED, a foreign corporation,
and SWINGLEHURST LIMITED,
BRIT SYNDICATES, a foreign corporation,
LEXINGTON INSURANCE COMPANY,
a foreign corporation, ACE SYNDICATES,
a foreign corporation, and WURTT,
a foreign corporation,
       Defendants.

_____/

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

    The Plaintiff STERLING FINANCIAL INVESTMENT GROUP, INC., a Florida

corporation and CHARLES GARCIA individually, by and through its undersigned attorneys,

hereby files this Notice of Voluntary Dismissal with out prejudice against the Insurance

Brokers, Defendant AON LIMITED, a foreign corporation, and SWINGLEHURST LIMITED,

pursuant to of the Florida Rules of Civil Procedure, Rules 1.250(b) and 1.420(a.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been sent by Facsimile and U.S. mail this 28th day of August, 2007, to RICHARD S. DAVIS, ESQUIRE, Attorney for AON Limited Foley & Lardner LLP , 111 North Orange Avenue. Suite 1800, Orlando, Florida 32801; JENNIFER ANDERSON HOFFMAN, ESQUIRE, Attorney for Defendants, Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis, 4000 Ponce de Leon Boulevard, Suite 570, Coral Gables, Florida 33146; FREDRIC WILMER, ESQUIRE, Kissel & Pesce, 555 White Plains Road, Tarrytown, New York 10591.

TICKTIN & RODRIGUEZ, P.A.
Attorneys for Plaintiff
3700 Coconut Creek Parkway
Suite 160
Coconut Creek, Florida 33066
Telephone (954) 978-8950
Fax (954) 978-9513

By: _____
     EJOLA CHRISTLIEB COOK
     FLORIDA BAR NO. 0010327

2

# EXHIBIT R



A Limited Liability Partnership

580 White Plains Rd - 5th Floor
Tarrytown, New York 10591
Main Tel: 914.750.5933
Facsimile: 914.750.5922

Direct Dial: 914.733.7790
E-Mail: fwilmer@kphwlaw.com

August 27, 2007

**VIA CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**

David Gourevitch, Esq.
Law Offices of David Gourevitch
150 East 58th Street
34th Floor
New York, New York 10155

  Re: *Certain Underwriters at Lloyd's, London et al.*
      *v. Sterling Financial Investment Group, Inc. et al.*
     Venue: U.S.D.C., S.D.N.Y.
     Case No.: 07 CV 7396
     Our File No.: 40117.00047

Dear Mr. Gourevitch:

  We have commenced the referenced lawsuit against your client, Thomas G. Karidas, on behalf of Certain Underwriters at Lloyd's, London, Lexington Insurance Company and Württembergische Versicherung AG in the United States District Court for the Southern District of New York.

  Enclosed herewith are a Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a court-stamped copy of the Complaint for Declaratory Judgment and Breach of Contract with Exhibits. We request that you accept service of the Complaint as agent for Mr. Karidas and upon execution of the Waiver of Service of Summons form, return it in the enclosed envelope.

  We would appreciate the opportunity to answer any questions you might have regarding the enclosed.

         Very truly yours,

         Frederick J. Wilmer

FJW:ns
Enclosures

**Notice of Lawsuit and Request for Waiver of Service of Summons**

TO:    David Gourevitch, Esq., as Representative of Thomas G. Karidas

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District and has been assigned docket **07 CV 7396**.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within **60** days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed enveloped (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiffs, this **27** day of August, 2007.

Kissel Pesee Hirsch & Wilmer LLP

Frederick J. Wilmer (FW7796)
580 White Plains, Road
Tarrytown, NY 10591
(914) 750-5933

**Notice of Lawsuit and Request for Waiver of Service of Summons**

TO:    David Gourevitch, Esq., as Representative of Thomas G. Karidas

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District and has been assigned docket **07 CV 7396**.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within **60** days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed enveloped (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiffs, this **27** day of August, 2007.

Kissel Pesce Hirsch & Wilmer LLP

Frederick J. Wilmer (FW7796)
580 White Plains, Road
Tarrytown, NY 10591
(914) 750-5933

## Waiver of Service of Summons

TO: Frederick J. Wilmer

I acknowledge receipt of your request that I waive service of a summons in the action of *Certain Underwriters at Lloyd's, London, Lexington Insurance Company, and Württembergische Versicherung AG v. Sterling Financial Investment Group, Inc., Charles P. Garcia, Thomas G. Karidas, and VFinance Investments, Inc.*, which is case number **07 CV 7396** in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____, or within 90 days after the date if the request was sent outside the United States.

_____          _____

Date                             Signature
                                 Printed/typed name:_____
                                        {as _____}
                                        {of _____}

#### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

# EXHIBIT S

## Penny Ainalakis-Barone

**From:** Miroslava Schierholz [Schierholzm@adr.org]
**Sent:** Saturday, September 29, 2007 9:57 AM
**To:** painalakis@kphwlaw.com;pt@trlawoffice.com;ECook@trlawoffice.com;jhirsch@kphwlaw.com
**Cc:** fwilmer@kphwlaw.com
**Subject:** Brit Syndicates 2987, et al. v. Charles Garcia & Sterling Financial (case no. 50 174 V 00416 06)

Dear Counsel:

Please let this acknowledge receipt of the requested status update below, which we note was copied to all interested parties. Unless advised to the contrary the ICDR will keep this matter in abeyance pending further notice. Please provide another status update by **November 5. 2007.**

Please contact the undersigned with any questions.

**Best regards,**

**Miroslava Schierholz, LL.M**
**Doctor at Law, Russia**

**International Case Manager**
**International Centre for Dispute Resolution**
**The International Division of the American Arbitration Association**
**1633 Broadway, 10th Fl., New York, NY 10019**
**Phone: +01 212-484-3270**
**Fax: +01 212-246-7274**
**www.icdr.org**

**Register Now:**
**The ICDR International Reporting Program**
Focus Areas: International ADR Roundtable, Latin America, European Union,
ICDR's Technology for ADR Services

***New York, NY***
**Friday, October 12, 2007**

To register visit: http://www.adr.org/OnlineRegistrations.asp
or contact Noelia Martinez at +01 212.716.3977 or by e-mail at AAAUniversity@adr.org.

This e-mail transmission is intended only for the use of the person or persons to whom it is addressed. It may contain information that is confidential, privileged or otherwise exempt from disclosure. If you are not the intended recipient you are hereby notified that any dissemination of this e-mail is prohibited. If you have received this e-mail in error please notify the sender by return e-mail and then delete it immediately.

**From:** Penny Ainalakis-Barone [mailto:painalakis@kphwlaw.com]
**Sent:** Friday, September 28, 2007 10:05 AM
**To:** Miroslava Schierholz
**Cc:** pt@trlawoffice.com; ECook@trlawoffice.com; jhirsch@kphwlaw.com; fwilmer@kphwlaw.com
**Subject:** RE: Brit Syndicates 2987, et al. v. Charles Garcia & Sterling Financial (case no. 50 174 V 00416 06)

Dear Ms. Schierholz:

Per your request of August, 16, 2007, we are writing to report to the AAA the current status of pending litigation between the parties. Since our last writing of August 15, 2007, we have confirmed that Mr. Ticktin instituted a lawsuit against our

clients, the Insurers, in Florida seeking declaratory relief and damages for breach of contract. That matter is currently pending before the United States District Court for the Southern District of Florida and styled, *Sterling Financial Investment Group, Inc., et al. v. Brit Syndicates, et al.* (case # 07-cv-80788). We have interposed an Answer, Affirmative Defenses and Counterclaims on behalf of Defendants.

A second action is pending in New York. We instituted this action on behalf of our clients against Sterling Financial and Charles Garcia (among others) for breach of contract and declaratory relief. This matter is pending in the United States District Court for the Southern District of New York and is styled, *Certain Underwriters at Lloyd's, London, et al. v. Sterling Financial Investment Group, Inc., et al.* (case no. 07 CV 07396). None of the defendants have filed a responsive pleading to date.

The insurance policies that are the subject of the AAA proceedings are also the subject of the claims in the two pending lawsuits and we are continuing to seek a determination as to, *inter alia*, the respective rights of the parties under those policies.

Should you require any additional information at this time, please do not hesitate to contact us.

Respectfully submitted,

Panagiota Ainalakis-Barone
Kissel Pesce Hirsch & Wilmer LLP

580 White Plains Road
Tarrytown, NY 10591
Direct: 914.733.7771
(T): 914.750.5933
(F): 914.750.5922

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Kissel Pesce Hirsch & Wilmer, LLP presumptively contain information that is confidential and legally privileged; e-mail messages to non-clients are normally confidential and may also be legally privileged. If you have received this message in error, please forward it back without copying, storing or forwarding this message to any other party. Kissel Pesce Hirsch & Wilmer, LLP is a limited liability partnership organized in the United States under the laws of the State of New York, which laws limit the personal liability of partners.

EXHIBIT T

BOCHETTO & LENTZ, P.C.
By    George Bochetto, Esquire
      David P. Heim, Esquire
      Danny Cevallos, Esquire
1524 Locust Street
Philadelphia, PA 19102
(215)-735-3900

                          **Attorneys for Claimants**

AGISILAOS COFINAS,
220 Acklam Road-Middlesbrough
Cleveland, United Kingdom TS5 4PT

FORDHILL SERVICES LTD.,
2, Orde Wingate Way
Primrose Hill -Estate
Stockton-On-Tees,
United Kingdon TS19 0BJ

GLOBAL OCEAN INT'L
INVESTIMENTS, LTD.,
2205 Kowloon Building
555 Nathan Road
Kowloon, Hong Kong

                          **NASD DISPUTE RESOLUTION, INC.**

IOANNIS and SOFIA ALLAGIANNIS,
as Joint Tenants with Right of
Survivorship,
60 Mackoca Street
11141 Athens, Greece

                          Case No. _____

FERNANDO PAULO CANOTILHO
De SOUSA
4 Stellen Bosuh Plate
North Cliff, South Africa 2145

ATHANASSIA VLAHAKI and
NIKOLAIDIS LAZAROS, as Joint
Tenants with Right of Survivorship
50 Possidonos Street
16771 Varkiza Athens, Greece

                          **LOCALE REQUESTED:**
                          **PHILADELPHIA,**
                          **PENNSYLVANIA**

                      Claimants,

       v.

STERLING FINANCIAL
INVESTMENT GROUP, INC.
1200 N. Federal Hwy., 4th Floor
Boca Raton, Florida 33432,

THOMAS KARIDAS,
               Respondents.

## STATEMENT OF CLAIM

Claimants, by and through undersigned counsel, Bochetto & Lentz, P.C., hereby file the following Statement of Claim against Respondent, stating as follows in support thereof:

## NATURE OF ARBITRATION

1.    Claimants are all former customers of Sterling Financial Investment Group, Inc. ("Sterling"), which is a NASD Member registered as a broker/dealer.  Sterling provides various financial services to its clients, including, but not limited to, financial and stock broker services.

2.    Claimants established non-discretionary securities accounts with Sterling through its employee and authorized representative, Thomas Karidas ("Karidas"), who was in charge of Sterling's offices in Athens, Greece at all times material hereto.

3.    Karidas acted as Claimants' stock broker/investment advisor, and thus, he had full access to Claimant's investment accounts.  In this regard, unbeknownst to Claimants, Karidas conducted widespread unauthorized trading in Claimant's investment accounts, which ultimately resulted in Claimants' losing several million dollars.

4.    In a written, notarized statement, Karidas admitted to such unauthorized trading.  He also admitted that his conduct caused the value of Claimants' securities accounts to decrease by over five million dollars.  A true and correct copy of Karidas' written statement is attached hereto as Exhibit "A."

5.    Claimants' damages were directly the result of Sterling's negligence and breach of its contractual and common law duties owed to Claimants in relation to their securities accounts.  Further, Sterling is vicariously liable as Karidas' employer for his breach of fiduciary

# EXHIBIT U

# Swinglehurst Limited          0302 SWI
## (in association with Safeonline Ltd)

Policy No. SF403040X

4) NMA2918 War and Terrorism Exclusion Clause. However, terrorism cover as provided by the Terrorism Risk Insurance Act 2002 (TRIA) is available at 7.5% additional Premium. Under Federal law the United States reimburses 90% of covered terrorism losses exceeding the statutorily established deductible paid by Underwriters. The premium charged for this coverage is provided below and does not include any charges for the portion of loss covered by the Federal Government under the TRIA. <u>Declaration to be completed by the assured</u>

5) NMA1998 Service of Suit Clause naming: Sedgwick Detert Moran & Arnold, New York, NY

6) Notice of Claim to: Frank Crystal & Co., Inc., 40 Broad Street, New York, NY 10004

7) Notice of Election of Discovery to: Frank Crystal & Co., Inc., 40 Broad Street, New York, NY 10004

8) Retroactive Date: 30th May, 1997

9) Failure to Maintain Insurance Endorsement

10) Market Fluctuation Clause (BRIT Version #2)

11) Section 10. – Extended Discovery – amended to 365 days at 125% - unilateral

12) Coinsurance percentage – Nil

13) Change in Control of Broker/Dealer – Discovery amended to read "one year"

14) Laddering Exclusion

15) Non-Licensed Business Activity Exclusion

16) Asbestos, Lead & Toxic Mold Exclusion

17) Intentional Corporate Acts Exclusion

18) Registered Investment Advisory Endorsement (for Approved Activities)

19) Short Covered Call Options (AIG language)

20) Excessive Fees Exclusion

21) 'After Hours Trading' Exclusion

22) Application form dated : 28th April, 2004

23) Specific Representative Exclusion (wording to be agreed)

24) No account taken of 'Charles and Donna Gerard' and 'Dienys Brunner' matters

302 SWI



# Swinglehurst Limited

**0302 SWI**

(in association with Safeonline Ltd)

Policy No.SF403040X

BUREAUX ARRANGEMENTS:   To be presented by Lloyd's Broker to Ins-sure

SIGNING PROVISIONS:         Not applicable

## Information

*None*

## Fiscal and Regulatory

TAX PAYABLE BY
UNDERWRITER(S):

US CLASSIFICATION:               Surplus lines broker:
                                 Frank Crystal & Co., Inc.
                                 40 Broad Street,
                                 New York,
                                 New York,
                                 10004

                                 State of Filing : Florida

NAIC CODES:                      Not applicable

ALLOCATION OF PREMIUM
TO CODING                        Not applicable

302 SWI