UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action

Case No: 07 CIV 7396

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, LEXINGTON
INSURANCE COMPANY, and
WURTTEMBERGISCHE
VERSICHERUNG AG

                Plaintiffs,

v.

STERLING FINANCIAL INVESTMENT
GROUP, INC., CHARLES GARCIA,
THOMAS G. KARIDAS,
VFINANCE INVESTMENTS, INC.,

                Defendants.
_____/

**DEFENDANTS' STERLING FINANCIAL INVESTMENT GROUP, INC., CHARLES GARCIA, AND VFINANCE AMENDED MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE TRANSFER AND MOTION TO COMPEL ARBITRATION WITH <u>INTEGRATED MEMORANDUM OF LAW</u>**

The Defendants, STERLING FINANCIAL INVESTMENT GROUP, INC., CHARLES GARCIA, and VFINANCE INVESTMENTS, INC. (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and 9 U.S.C. § 1 <u>et seq</u>., file this Amended Motion to Dismiss Complaint or in the alternative to transfer venue and Motion to Compel Arbitration, and state:

**Parties**

1.1 The Defendant, STERLING FINANCIAL INVESTMENT GROUP, INC. ("STERLING,") is a Florida Corporation with its corporate office in Boca Raton, Florida.

1.2 The Defendant, CHARLES GARCIA ("GARCIA"), is the CEO of STERLING, and resides in Boca Raton, Florida.

1.3 The Defendant, VFINANCE, is a Florida Corporation, with its principal place of business in Boca Raton, Florida.

1.4 The Defendant, TOM KARIDAS ("KARIDAS"), is a former independent broker for STERLING, is a citizen of Greece, and upon information and belief currently resides in Greece.

1.5 The Plaintiff, LLOYD's consists of members of underwriting syndicate number 2987 and 2488, managed respectfully by Brit Syndicate Limited and Ace Underwriting Agencies Limited, business entities organized and existing under the laws of the United Kingdom, and have their principal places of business in London England, and conduct business in both of Florida and New York.

1.6 The Plaintiff LEXINGTON, is an insurance company incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts, and conducts business in Florida.

1.7 The Plaintiff, WURTTEMBERGISCHE VERSICHERUNG AG ("WÜRRT"), is an insurance company incorporated under the laws of Germany, and is a branch of the Württenbergische UK Limited, doing business in the United Kingdom.

**Prefatory Statement**

1.8 On July 24, 2007, STERLING FINANCIAL INVESTMENT GROUP ("STERLING") and CHARLES GARCIA ("GARCIA") 120 days after attending a dispute

resolution procedure, filed a civil action in the Circuit Court of Palm Beach County, Florida ("Florida Action") for Declaratory Relief and Breach of Contract against Aon Limited and Swindleghurst Limited regarding insurance policies FD0504362, and SF403040X (hereinafter referred to as the "POLICIES"), which are also at issue in this case.

1.9    The issues involved in the Florida Action specifically deal with four underlying Arbitration actions in the NASD: *Roger Wheeler, et al v. Cardinal Capital Management, Inc.,* et al, NASD Case, No 05-01877; *Carmella Donnino, et al v. Sterling Financial Investment Group, Inc., et al.*, NASD Case No. 05-03710; *Charles P. Camilleri et al v. Sterling Financial Investment Group, Inc., et al.*, NASD Case No. 05-05582; and *Howard Frank et al., v. JW Genesis, Inc. et al.*, NASD Case No 05-06709.

1.10    On August 6, 2007, the Florida Complaint was amended to include all of the Underwriters for the POLICIES, including BRIT SYNDICATES, LEXINGTON INSURANCE COMPANY, ACE SYNDICATES, and WÜRTT (hereinafter referred collectively as the "UNDERWRITERS"). The UNDERWRITERS are all of the Plaintiffs in the case at bar. A copy of the Amended Complaint attached hereto and marked as Exhibit "A."

1.11    A Notice of Appearance on behalf of the UNDERWRITERS was entered in the Florida Action on August 14, 2007. A copy of the Notice is attached hereto and marked as Exhibit "B."

1.12    Subsequently, the Insurance brokers were released from the Florida Action, leaving only the UNDERWRITERS as defendants in the Florida Action.

1.13    On August 20, 2007, the UNDERWRITERS filed the case *sub judice* in the Southern District of New York. The Complaint encompassed all the issues already brought in the Florida Action, and included a separate and distinct issue regarding a new NASD

Arbitration case involving KARIDAS.

1.14

On August 30, 2007, the UNDERWRITERS filed a Motion to Remove the Florida Action from State Court to the Southern District of Florida case number 9:07-CV-80788-KLR.

1.15    On September 20, 2007 the UNDERWRITERS filed their Answer, Affirmative Defenses, Counterclaims, and Third Party Complaint.  Please see Defendant's Answer, Affirmative Defenses, Counterclaims, and Third Party Complaint attached hereto as composite Exhibit "C."

1.16    The UNDERWRITERS' Counterclaim filed in the Southern District of Florida included VFINANCE and is virtually identical in claims and counts to the Complaint filed in this Court.  In essence, the UNDERWRITERS as defendants in the Florida Action and as Plaintiffs in the New York Action, are attempting to litigate the same claims in two separate pending actions.

1.17    The only issue which has not been brought by the UNDERWRITERS in Florida Action relates to a pending arbitration matter *Cofinas v. Sterling Financial Investment Group, et al,* NASD No. 06-065218 (hereinafter referred to as the "Cofinas Arbitration".)  The Defendants in Cofinas Arbitration are STERLING and KARIDAS.

1.18    KARIDAS was an independent Broker for STERLING working in Greece at the time of the alleged claims in the Cofinas Arbitration.

1.19    Other than the Cofinas Arbitration, KARIDAS has nothing to do with any of the above mentioned arbitrations which are the crux of the UNDERWATERS complaint.

1.20		The Cofinas Arbitration has not yet been fully arbitrated or mediated pursuant to the POLICIES.

1.21		At present STERLING has not disputed the rejection of coverage of the Cofinas Arbitration by the UNDERWRITERS.

1.22

**As to Defendant Garcia**
**Dismiss for Lack of Personal Jurisdiction**

1.23		The Plaintiffs allege that they have personal jurisdiction over all the Defendants pursuant to 28 U.S.C. § 1391(a)(3) and (D). Section 1931 (a)(3) states in part that "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

1.24		The Plaintiffs allegation that New York is the only district in which the action may be brought, is patently misleading as evidenced above, as there is currently an action pending in the Federal Court in the Southern District of Florida. The subject matter of that case is on the same facts, and same causes of action as the case before this Court. The Plaintiffs in this case have filed an Answer, Affirmative Defenses and Counterclaim in the Florida Action. Therefore, it is not true that New York is the only district this action may be brought.

1.25		The Plaintiffs in this case have waived their rights as defendants in the Florida Action to argue lack of personal jurisdiction by actively participating in the Florida Action.

1.26		Furthermore, Under Rule 4(e) of the Federal Rules of Civil Procedure, a

district court sitting in New York State must apply New York law to determine whether it has personal jurisdiction over a defendant. *Cantor v. Life Alert, Inc.*, 655 F. Supp. 673 (S.D.N.Y., 1987).

  1.27  Section 302 of the New York Rules of Civil Procedure state that §302 personal jurisdiction by acts of non-domiciliaries

1.28

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court mayexercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>  1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>  2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>  3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>  (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>  (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>  4. owns, uses or possesses any real property situated within the state...
>  (c) Effect of appearance. Where personal jurisdiction is based solely
>  upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section.

  1.29  Generally the test as to whether personal jurisdiction is constitutionally permissible is "whether the defendant purposefully established 'minimum contact' in the forum state." *Id*. at 591, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174,

2183, 85 L.Ed.2d 528 (1985). This requires some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.*

    1.30        The Defendant, GARCIA, does not own property in New York, does not transact business in New York, has not committed a tortuous act in New York nor availed himself in any way to the forum state.

    1.31

The Plaintiffs have not provided any record of Defendant Garcia being a party to the POLICIES in question.

    1.32        STERLING is a party to the POLICIES, not GARCIA.

    1.33        The Plaintiffs have not made a prima facie showing that they have personal jurisdiction as to the Defendant, GARCIA.

WHEREFORE the Defendant, GARCIA respectfully requests this Court to Dismiss the Complaint for lack of Personal Jurisdiction.

### Transfer Venue or in Alternative Stay New York Action Pending Resolution in Florida Action

**A. Transfer venue**

    1.34        The principle of forum non convenience provides that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by a general venue statute. *Ins. Co. of North America v. S/S Ro Ro Genova*, 661 F. Supp. 1587 (S.D.N.Y., 1987). A district court is empowered to transfer the place of a trial under 28 U.S.C.A. Section 1404(a) which establishes a two part test: first, the transferee district must be one where jurisdiction over the

defendants could have been obtained at the time the suit was brought, regardless of the defendant's consent, and the transfer must be in the interest of justice and convenience the parties and witnesses. *Id.* at 1579; see also *Matra et Manurhin v. Intern. Armament Co.*, 628 F. Supp. 1532 (S.D.N.Y., 1986).

1.35     While the plaintiffs' choice of forum is ordinarily entitled to considerable weight, where the only transactions underlying the cause of action have no material connection to the chosen forum, plaintiffs' choice of forum becomes less relevant to a transfer motion. *Id* at 1536.

1.36

Both of the Defendants, STERLING and VFINANCE, are incorporated under the laws of Florida, and have their headquarters in South Florida. Please see State Registrations for both companies attached hereto and marked as composite Exhibit "D".

1.37     The Defendant, GARCIA resides in South Florida, works in South Florida and has no contacts with the State of New York.

1.38     All evidence to be produced by the majority of the Defendants is located in the Defendants' respective offices in Florida.

1.39     The majority of the Defendants' respective witnesses are located in South Florida.

1.40     Furthermore, the Defendant KARIDAS and all of the Plaintiffs are located outside of the United States and have no ties to New York. The convenience of these parties is at best a neutral factor.

1.41    It appears that the only real convenience is to the Plaintiffs and to their chosen New York counsel. A mere inconvenience to counsel is not an appropriate factor to consider on a motion to transfer venue. *Matra et Manurhin* (S.D.N.Y., 1986).

1.42    The costs of litigating in New York for Defendants STERLING, VFINANCE, and GARCIA far outweigh any interest the Plaintiffs may have in the venue.

**B. Stay New York Action Pending Resolution in Florida Action**

1.43    When deciding whether to grant a stay pursuant to another pending action, the courts consider five factors: 1) private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudiced to the plaintiffs if delayed; 2) The private interests of and burden on the defendants; 3) the interests of the courts 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *Kappe v. Comfort*, 914 F. Supp 1056 (S.D.N.Y. 1996).

1.44

As the UNDERWRITERS have already filed an Answer and Counterclaim (which pleads the almost exactly the same causes of action as pending in the case at bar,) and no outstanding issues of jurisdiction are pending in the Southern District of Florida, it is clearly in the UNDERWRITERS interest to pursue their causes of action in the District that is further advanced.

1.45    There will be no prejudicial effect or delay to the Plaintiffs in staying the New York Action, as the Plaintiff's claims in this action have already been pled in the Southern District of Florida.

1.46    All of the United States Defendants are located in Florida, the majority of the evidence, and the majority of the Defense witnesses are located in Florida.

1.47    The United States Defendants will also have the burden of retaining additional counsel in New York to litigate the exact same action as pending in Florida and in essence duplicate all pleadings and other Motions.

1.48    As for factors three through five, the courts are obligated to exercise their jurisdiction over cases before them, and to guide those cases toward speedy and inexpensive conclusions. *Kappe* at 1059 (S.D.N.Y. 1996); see also *Adam v. Jacobs*, 950 F. 2d 89, 92 (2d Cir. 1991); *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986).

1.49    However, there is also the obligation to assure that the court's exercise of its jurisdiction does not have an avoidable impact on cases already pending before another court. Absent special circumstance, the first filed of two competing lawsuits should have priority. *Kappe* at 1059 (S.D.N.Y. 1996).

1.50    By staying the New York action until the Florida Action has completed will avoid multiple rulings by the two courts on the same underlying issues.

1.51

The Plaintiffs in this case have all of their claims against the Defendants STERLING, GARCIA, and VFINANCE currently pending in Florida. Justice will be duly served and not delayed by staying the New York Action.

WHEREFORE, the Defendants STERLING, GARCIA, and VFINANCE respectfully requests this Court to Dismiss the pending case on or in the alternative to Transfer venue to the

Southern District of Florida or in a second alternative to Stay the proceedings in New York pending the outcome of the Florida Action.

**Dismissal and Compel Arbitration as to STERLING
and KARIDAS regarding the Cofinas Claim**

1.52      The Federal Arbitration Act, 9 U.S.C. § 2 states:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transactions, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

1.53      Pursuant to the POLICIES Alternative Dispute Resolution Process:

It is hereby understood and agreed that **all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy including any determination of the of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR")** [emphasis added] set for in this clause.
Either the insurer or the Insured(s) may elect the type of ADR discussed below; provided however, that the Insureds shall have the right to reject the Insurerer's choice of ADR at any time prior to its commencement, in which case the Insureds choice of ADR shall control.
The Inquirer and the Insured(s) agree that there shall be two choices of ADR: (1) non-binding mediation administered by the America Arbitration Association, in which the Inquirer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial

Mediation Rules; or (2) arbitration submitted to the America Arbitration Association under or in accordance with its then-prevailing commercial arbitration rules, in which the arbitrate ion panel shall be composed or three disinterested individuals In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator(s) or arbitrators shall also give due consideration to the general or interpretation or the provisions of this policy; provided, however, that the terms conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the manner most consistent with the relevant terms, conditions, provision or exclusions of this policy. In the event of arbitration, the decisions of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commend a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of termination of the mediation. In all events each party shall share equally the expense of the ADR.

Either choice of ADR may be commenced in either New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver Colorado; or in the state indicated in Item 1 of the Declaration's page as the mailing address for the Broker/Dealer. **The Broker/Dealer shall act on behalf of all Insureds in deciding to proceed with ADR under this clause.** [emphasis added]

1.54   STERLING as the Broker/Dealer in the Cofinas Arbitration shall act on behalf of all insureds in deciding to proceed with ADR under the above clause, including KARIDAS in this instance.

1.55

STERLING has not and will not waive its right to Arbitration or Mediation regarding the Cofinas Arbitration.

1.56   The UNDERWRITERS were premature in their initiation of a civil

lawsuit regarding the issues in coverage concerning the Cofinas Arbitration. .

1.57	Since both the UNDERWRITERS on one hand, and STERLING AND KARIDAS on the other, are subject to the ADR requirements of the POLICIES an Order Compelling Arbitration is appropriate.

WHEREFORE Defendant, STERLING, respectfully requests this Court to Dismiss the Claims regarding the Cofinas Arbitration and Compel Arbitration pursuant to the POLICIES.

                Respectfully submitted,

                THE LAW OFFICE OF
                MICHAEL D. MOSHER

                /s Michael D. Mosher

                _____

                MICHAEL D. MOSHER 4588
                50 NORTH MAIN
                PARIS, TEXAS   75460
                903/785-4721 TELEPHONE
                903/785-5319 FAX

OF COUNSEL:
PETER TICKTIN
TICKTIN & RODRIGUEZ, PA
P.O. BOX 811554
BOCA RATON, FLORIDA   33481-1554
561/392-6933

Date:  October 4, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this **4th day of October, 2007** with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record Identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Michael D. Mosher

_____

SERVICE LIST

Fredrick Wilmer, Esquire
Kissel Pesce Hirsch & Wilmer LLP
**Counsel for Plaintiffs**
580 White Plains Road
Tarrytown, NY 10591