IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 50 2007CA001997XXXX MB AB

STERLING FINANCIAL INVESTMENT
GROUP, INC., a Florida corporation
(and CHARLES GARCIA
individually)

      Plaintiff,

v.

AON LIMITED, a foreign corporation,
and SWINGLEHURST LIMITED,
BRIT SYNDICATES, a foreign corporation,
LEXINGTON INSURANCE COMPANY,
a foreign corporation, ACE SYNDICATES,
a foreign corporation, and WURTT,
a foreign corporation,

      Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

The Plaintiff, STERLING FINANCIAL INVESTMENT GROUP, INC., a Florida corporation (hereinafter "STERLING") by and through its undersigned attorneys, hereby brings suit against AON LIMITED (hereinafter "AON"), (hereinafter sometimes collectively referred " ABL INSURER") a foreign corporation, a foreign corporation, BRIT SYNDICATES (hereinafter "BRIT"), a foreign corporation, LEXINGTON INSURANCE COMPANY (hereinafter "LEXINGTON"), a foreign corporation, SWINGLEHURST LIMITED (hereinafter "SWINGLEHURST"), ACE SYNDICATES (hereinafter "ACE"), a foreign corporation, and WURTT, a foreign corporation, (hereinafter "WURTT"), (hereinafter sometimes collectively referred " SW INSURER") and states:

1. This is an action for damages in excess of $15,000 exclusive of interest, costs and attorneys' fees.

2. At all times material hereto STERLING, a Florida corporation was authorized to do business and conducted business in Palm Beach County, Florida.

3. The Defendant, AON is a wholly owned subsidiary of Aon Corporation. Aon Corporation 's an Insurance Firm, is headquartered in Chicago, Illinois and pursuant to the underlying Contract has availed itself to Florida's jurisdiction. AON is the Issuer of Insurance contract FD0504362 attached as Exhibit "A".

4. The Defendant, BRIT, is a fifty (50) percent underwriter for Insurance contract FD0504362.

5. The Defendant, LEXINGTON, is a fifty (50) percent underwriter for Insurance contract FD0504362.

6. The Defendant, SWINGLEHURST, is a London, England based Insurance Company, who has an office in Miami, Florida, and for all matters has availed itself to the Florida Jurisdiction. SWINGLEHURST, is the Issuer of Contract #SF403040X attached as Exhibit "B".

7. The Defendant, ACE, is a fifty (50) percent underwriter for Insurance contract SF403040X.

8. The Defendant, WURTT, is a fifty (50) percent underwriter for Insurance contract SF403050X.

9. AON contracted with STERLING to insure STERLING regarding Professional Risks. On or about May 24, 2005 STERLING entered into a Professional Risks Policy #FD0504362 (hereinafter "Aon Agreement") with AON.

2

10. Pursuant to the AON Agreement, section 1(c)(1), the "Insurer shall have the right and duty to defend, subject to and as part of the limits of Liability, any Claim made against the Insureds during the Policy Period. Exhibit "A"

11. Furthermore in Section 6 of the AON Agreement clearly states that "[t]he insurer shall **only** be liable for the amount of Loss arising from a Claim which is **in excess** of the applicable Retention Amount"(emphasis added.) Exhibit "A"

12. SWINGLEHURST contracted with STERLING to insure STERLING regarding Security Brokers/Dealer Errors and Omissions Insurance, Claims Made Basis. On or about May 9, 2004 STERLING entered into a Security Brokers/Dealer Errors and Omissions Insurance, Claims Made Basis Policy # SF403040X (hereinafter "SW Agreement") with SWINGLEHURST.

13. Pursuant to the SW Agreement, section 1(c)(1), the "Insurer shall have the right and duty to defend, subject to and as part of the limits of Liability, any Claim made against the Insureds during the Policy Period. Exhibit "B."

14. Furthermore in Section 6 of the SW Agreement clearly states that "[t]he insurer shall **only** be liable for the amount of Loss arising from a Claim which is **in excess** of the applicable Retention Amount"(emphasis added.) Exhibit "B"

15. On or about April 18, 2005, a Statement of Claim was filed against STERLING by Roger Wheeler et al.(hereinafter "Wheeler Claim"), alleging 14 causes of action and seeking compensatory damages, including out of pocket losses in the sum of $3 million dollar. Pursuant to Policy SF403040X, on May 12, 2005, the Notice was forwarded to AON Risk Services.

16. On or about July 18, 2005, a Statement of Claim was filed against STERLING

by Carmella Donnino alleging 3 causes of action, and sought damages in the range of $100,000.00 to $500,000.00. This Cause of action came under the FD0504362 Policy. Exhibit "A"

17.     On or about October 31, 2005, Charles P. and Francis Camilleri filed a Statement of Claim with the NASD against STERLING. The Claimants' alleged five causes of action, and sought unspecified amounts including disgorgement of all unjust enrichment, lost profits, punitive damages. This Cause of Action came under the FD0504362 Policy.

18.     On or about January 4, 2006 a Statement of Claim was filed against Sterling Financial in the NASD by Howard and Diana Frank. The Claimants' alleged 3 causes of action seeking damages in the range of $100,000.00 to $500,000.00 amounts. This Cause of Action came under the FD0504362 Policy.

19.     The amount of the retention was $75,000 in any case where the Defendant required settlement.

20.     The Plaintiff has been required to hire counsel to prosecute this matter, and the Plaintiff has agreed to pay a reasonable fee for the legal services rendered by the undersigned counsel.

## COUNT-I DECLARATORY RELIEF AS TO SF403040X

21.     The Plaintiff, STERLING, avers each allegation contained in paragraphs 1 through 15, above as through fully set forth herein.

22.     An actual controversy has arisen and now exists between STERLING and the Defendants, SWINGLEHURST, ACE, and WURTT concerning their respective rights and duties in that the STERLING contends that the SW INSURERS are liable for the Loss and for the Defense Costs if the amount of the claim is in excess of the Retention Amount,

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

which under is SF403040X is $100,000.00. Exhibit "B"

23. The SW Agreement does not articulate that the Insurer shall only be liable for the amount of Loss and Defenses Costs above the Retention Amount.

24. Nor does the SW Agreement dictate that it is a requisite that the Retention amount be exhausted as a condition precedent for the SW INSURERS' obligations to arise.

25. STERLING desires a judicial determination of SW INSURERS' rights and duties, and a declaration as to the payment of Loss and Defense Costs in Claims.

26. A Judicial declaration is necessary and appropriate at this time under the circumstances in order that STERLING may ascertain its rights and duties under policy SF403040X.

27. Due to SW INSURERS' refusal to fulfill its obligations under policy SF403040X, STERLING is liable for all attorneys' fees and other Losses accrued in the underlying cases and is suffering by the unsettled state of affairs.

28. STERLING was forced to seek its own counsel to defend its position when SW INSURERS' ordered the original defense attorneys to withdraw from the underlying cases.

29. STERLING was forced to pay its own settlement claims.

30. STERLING has exhausted its administrative remedies.

31. The requirement of payment of attorneys' fees is inappropriately being required of STERLING, as the Defendants had a duty to Defend, although it is agreed that if the amount that was ultimately awarded to any of the claimants would have been in excess of the policy limits, that the amount of the fees would have been added to the

5

amount of the recovery to ascertain the amount payable for the insured amount.

WHEREFORE, the Plaintiff asks this Honorable Court for a judgment asks this Honorable Court to enter judgment against the Defendants, SW INSURER, for a declaration that the SW INSURER is liable for all Attorneys' fees expended to defend the underlying claims, for attorneys' fees pursuant to § 627.428, Florida Statutes, its costs, and such further and other relief as this Honorable Court may deem just and proper.

### COUNT-II DECLARATORY RELIEF AS TO FD0504362

32. The Plaintiff, STERLING, avers each allegation contained in paragraphs 1 through 16, above as through fully set forth herein.

33. An actual controversy has arisen and now exists between STERLING and the Defendant, AON, BRITT, and LEXINGTON concerning their respective rights and duties in that the STERLING contends that the ABL INSURERS are liable for the Loss and for the Defense Costs if the amount of the claim is in excess of the Retention Amount, which under is FD0504362 is $100,000.00. Exhibit "A"

34. The Aon Agreement does not articulate that the Insurer shall only be liable for the amount of Loss and Defenses Costs above the Retention Amount.

35. Nor does the Aon Agreement dictate that it is a requisite that the Retention amount be exhausted as a condition precedent for ABL's obligations to arise

36. STERLING desires a judicial determination of ABL's rights and duties, and a declaration as to the payment of Loss and Defense Costs in Claims.

37. A Judicial declaration is necessary and appropriate at this time under the circumstances in order that STERLING may ascertain its rights and duties under policy FD0504362.

6

**TICKTIN & RODRIGUEZ, P.A.**
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

38. Due to ABL's refusal to fulfill its obligations under policy FD0504362, STERLING is allegedly liable for all attorneys' fees required to defend the underlying claims.

39. STERLING was forced to seek its own counsel to defend its position when AON ordered the original defense attorneys to withdraw from the underlying cases.

40. STERLING was forced to pay its own settlement claims.

41. STERLING has exhausted its administrative remedies.

42. The requirement of payment of attorneys' fees is inappropriately being required of STERLING, as the Defendants had a duty to Defend, although it is agreed that if the amount that was ultimately awarded to any of the claimants would have been in excess of the policy limits, that the amount of the fees would have been added to the amount of the recovery to ascertain the amount payable for the insured amount.

WHEREFORE, the Plaintiff asks this Honorable Court for a judgment asks this Honorable Court to enter judgment against the Defendant, ABL, for a declaration that the INSURER is liable for all Attorneys' fees expended to defend the underlying claims, for attorneys' fees pursuant to § 627.428, Florida Statutes, its costs, and such further and other relief as this Honorable Court may deem just and proper.

### COUNT III - BREACH OF CONTRACT BY DEFENDANTS IMPROPERLY ATTEMPTING TO IMPOSE ARBITRATION

43. The Plaintiff avers and alleges paragraphs 1 through 14 and incorporates the allegations set forth therein by reference as though fully set forth in this count.

44. The policy of insurance provides that either party may require either arbitration or mediation. The Defendants required Arbitration, but the Insured had the right

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

to convert to Mediation, and then file suit after a period of 120 days. The Insured exercised their right to convert the arbitration to a mediation, and the parties attended a mediation which was fruitless.

45. Then, with no contractual authority, the Defendants maintained that they had a continuing right to arbitration, and the Insured consistently refused to participate. Presently, the Defendants are moving forward with arbitration, without the Insured.

46. The Plaintiff was required to pay its attorneys to take action to resist the unauthorized arbitration, and has suffered damage in that regard.

47. Moreover, the Plaintiff is most concerned that the Defendants will go forward and obtain some award in default from the arbitration, as the Plaintiffs are refusing to participate.

48. WHEREFORE, the Plaintiffs seek Declaratory relief as to whether there is any right of the Defendants to require that the Plaintiffs be bound by any outcome of the arbitration that the Defendants are pursuing; injunctive relief that the Defendants be enjoined from any further conduct that requires or pretends to require the Plaintiff to participate in arbitration; compensatory damages for the expenses and inconvenience suffered by the Plaintiffs in resisting the unauthorized arbitration, attorneys' fees pursuant to § 627.428, Florida Statute, and such further and other relief as this Honorable Court may deem just.

**COUNT IV - BREACH OF CONTRACT AS TO SF403040X AND FD0504362**

49. The Plaintiff avers and alleges paragraphs 1 through 14 and incorporates the allegations set forth therein by reference as though fully set forth in this count.

50. Under Policy SF403040X and Policy FD0504362, the Defendants had a duty

TICKTIN & RODRIGUEZ, P.A.
3700 COCONUT CREEK PARKWAY, SUITE 160, COCONUT CREEK, FLORIDA 33066
TELEPHONE: (954) 978-8950

to defend STERLING.

51.  The Defendants not only failed to properly defend STERLING, but they acted in bad faith in demanding a settlement as soon as it appeared that he negotiations were reduced to an amount below the sum of the deductible or the reserve.  In effect, the Defendants forced the Plaintiff to settle at an amount higher than the amount that would have ultimately been payable.  The Defendants did this to save itself monies at the expense their insured, and therefore, they acted in bad faith.

WHEREFORE, the Plaintiff, STERLING, asks that this Court enter a Final Judgment for punitive and compensatory damages for the intentional wrongdoing in that the Insurer had a duty to defend an amount that is owed to third Parties in the underlying Causes of Action pursuant to the terms of the policy, exclusive of interest and costs plus, prejudgment interest at the statutory rate, attorneys' fees pursuant to § § 627.428, Florida Statute, costs, and such further and other relief as this Honorable Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands trial by jury on all issues so triable.

Dated this 6th of August 2007.

                                              TICKTIN & RODRIGUEZ, P.A.
                                              Attorneys for the Plaintiffs
                                              3700 Coconut Creek Parkway
                                              Suite 160
                                              Coconut Creek, Florida  33066
                                              Telephone: (954) 978-8950

                                              _____
                                              EJOLA CHRISTLIEB COOK
                                              FLORIDA BAR NO.: 0010327

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has been sent by U.S. mail this **6th day of August, 2007**, to AON LIMITED c/o Sedgwick, Detert, Moran & Arnold, 125 Broad Street, New York, NY 10004; and, SWINGLEHURST LIMITED c/o Sedgwick, Detert, Moran & Arnold, 125 Broad Street, New York, NY 10004.

TICKTIN & RODRIGUEZ, P.A.
Attorneys for Plaintiff
3700 Coconut Creek Parkway
Suite 160
Coconut Creek, Florida 33066
Telephone (954) 978-8950
Fax (954) 978-9513

By:_____
 EJOLA CHRISTLIEB COOK
 FLORIDA BAR NO. 0010327