t) alleging, arising out of, based upon or attributable to, or in any way involving, directly or indirectly, the formation, operation, administration or management by an Insured, in part or in whole, of any entity other than the Broker/Dealer including but not limited to general partnerships, including but not limited to Claims arising out of an Insured acting as a general partner of any limited partnership and/or managing general partner of any general partnership;

u) alleging, arising out of, based upon or attributable to any liability assumed by the Insured under any indemnification contract or agreement, either oral or in writing; however, this exclusion does not apply to liability that would exist in the absence of such contract or agreement;

v) alleging, arising out of, based upon or attributable to employment or work place practices, including claims arising under worker compensation laws or claims in respect of alleged discrimination, harassment or inappropriate employment conduct of any sort.;

w) alleging, arising out of, based upon or attributable to the presence or actual, alleged, or threatened discharge, seepage, dispersal, migration, release, escape, generation, transportation, storage, or disposal of pollutants at any time, including any request, demand or order that the Insured or others test for, monitor, clean up, remove, assess, or respond to the effects of pollutants. Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, odors, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed

5. **LIMITS OF LIABILITY**

The Limit of Liability stated in Item 3A and 3B of the Declarations as "each Loss" is the limit of the Insurer's liability for all Loss arising out of all Claims alleging the same Wrongful Act or Interrelated Wrongful Act. This "each Loss" limit shall be part of and not in addition to the "aggregate for all Loss" limit set forth in Items 3A and 3B of the Declarations as well as the "Policy Aggregate" limit set forth in Item 3C of the Declarations, as described below.

The Limits of Liability stated in Item 3A and 3B of the Declarations as "aggregate for all Loss" is the total limit of the Insurer's liability for all Loss arising out of all Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported to the Insurer in accordance with the terms herein. This "aggregate for all Loss" limit shall be part of and not in addition to the "Policy Aggregate" limit set forth in Item 3C of the Declarations, as described below.

The Limits of Liability stated in Item 3A of the Declarations whether as "each loss" or "aggregate for all Loss" shall apply to Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported to the Insurer in accordance with the terms herein for which coverage is provided, in whole or in part, under Insuring Agreement A.3.

The Limits of Liability stated in Item 3B of the Declarations whether as "each loss" or "aggregate for all Loss" shall apply to Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported to the Insurer in



accordance with the terms herein for which coverage is provided by this policy other than a Claim for which coverage is provided, in whole or in part, under Insuring Agreement A.3.

The Limit of Liability stated in Item 3C of the Declarations is the aggregate total limit of the Insurer's liability for Loss arising out of all Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported to the Insurer in accordance with the terms herein under this policy.

The Limit of Liability for the Discovery Period shall be part of, and not in addition to, the applicable Limit of Liability for the Policy Period. Further, a Claim which is made subsequent to the Policy Period or the Discovery Period (if applicable) which pursuant to Clause 8(b) or 8(c) is considered made during the Policy Period or the Discovery Period shall also be subject to the aggregate Limit of Liability stated in Item 3 of the Declarations.

**Defense Costs are not payable by the Insurer in addition to the Limit of Liability. Defense Costs are part of Loss and as such are subject to the Limit of Liability for Loss.**

## 6. RETENTION

The Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount stated in Item 5 of the Declarations, such Retention Amount to be borne by the Insureds and shall remain uninsured with regard to all Loss arising from any Claim.

The Retention stated in Item 5A of the Declarations as the "Broker/Dealer Retention" shall apply to Claims for which coverage is provided under Insuring Agreement A of this policy.

The Retention stated in Item 5B of the Declarations as the "Registered Representative Retention" shall apply to Claims for which coverage is provided under Insuring Agreement B of this policy except for those Claims described immediately below.

The Retention stated in Item 5C of the Declarations as "Registered Representative Life Products Retention" shall apply to Claims solely arising from the purchase or sale of life, health and accident insurance (including advice in connection therewith) for which coverage is provided under Insuring Agreement B of this policy.

In the event of a Claim (or Claim alleging Interrelated Wrongful Acts) for which more than one retention amount set forth in Item 5 of the Declarations is applicable, then all such retentions shall apply to the Claim(s); provided, however, that the maximum retention amount shall not exceed the highest applicable single retention amount.

Notwithstanding the foregoing, in the event the Insured consents to a Settlement Opportunity under the circumstances as described in Insuring Agreement C.2. of this policy, the applicable retention shall be reduced in the amount described in Insuring Agreement C.2.



7. **COINSURANCE CLAUSE**

With respect to any Claim for which coverage is provided, in part or in whole, under Insuring Agreement A.3. of this policy only, the Broker/Dealer shall assume the percentage set forth in Item 4 of the Declarations of Loss excess of the retention amount described in Clause 6, it being a condition of this insurance that such percentage of each and every Loss shall be carried by the Broker/Dealer at its own risk and be uninsured.

8. **NOTICE/CLAIM REPORTING PROVISIONS**

**Notice hereunder shall be given in writing to Frank Crystal & Co., Inc., 40 Broad Street, New York, NY 10004, USA. If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice.**

(a) The Broker/Dealer or the Insured shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of a Claim made against an Insured as soon as practicable during the Policy Period or during the Discovery Period (if applicable) as long as such Claim(s) is reported no later than 30 days after the date such Claim was first made against an Insured.

(b) If written notice of a Claim has been given to the Insurer pursuant to Clause 8 (a) above, then a Claim which is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to the facts alleged in the Claim for which such notice has been given, or alleging any Wrongful Act which is the same as or related to any Wrongful Act alleged in the Claim of which such notice has been given, shall be considered made at the time such notice was given.

(c) If during the Policy Period or during the Discovery Period (if applicable) the Broker/Dealer or the Insureds shall become aware of any circumstances which may reasonably by expected to give rise to a Claim being made against the Insureds and shall give written notice to the Insurer of the circumstances and the reasons for anticipating such a Claim, with full particulars as to dates, persons and entities involved, then a Claim which is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to such circumstances or alleging any Wrongful Act which is the same as or related to any Wrongful Act alleged or contained in such circumstances, shall be considered made at the time such notice of such circumstances was given.

9. **PROTECTION FOR INNOCENT INSURED**

Whenever coverage under this policy would be excluded under Exclusion a) or b) because an Insured committed a criminal or deliberately fraudulent act; or wilfully violated the law or gained a profit or advantage to which the Insured was not legally entitled, the coverage otherwise afforded under this policy to a natural person Insured will continue to apply to each such Insured who did not personally commit or personally participate in committing such criminal or deliberately fraudulent act; did not wilfully violate the law or gain a profit or advantage; and did not personally acquiesce in or remain passive after having personal



knowledge or becoming aware of one or more such acts, wilful violation or improper gain as set forth in Exclusions a) and b).

10. **DISCOVERY CLAUSE**

Except as indicated below, if the Insurer or the Broker/Dealer first named in Item 1 of the Declarations shall cancel or refuse to renew this policy, the Broker/Dealer shall have the right, upon payment of an additional premium of 75% of the "full annual premium", to a period of one year following the effective date of such cancellation or nonrenewal (herein referred to as the Discovery Period) in which to give to the Insurer written notice of Claims first made against the Insured during said one year period for any Wrongful Act occurring prior to the end of the Policy Period and otherwise covered by this policy. As used herein, "full annual premium" means the premium level in effect immediately prior to the end of the Policy Period. The rights contained in this paragraph shall terminate, however, unless written notice of such election, together with the additional premium due is received by the Insurer within thirty (30) days of the effective date of cancellation or non-renewal.

In the event of a Transaction, as defined in Clause 12, the Broker/Dealer shall have the right, within thirty (30) days of the end of the Policy Period, to request an offer from the Insurer of a Discovery Period (with respect to Wrongful Acts occurring prior to the effective time of the Transaction) for a period of no less than three years or for such longer or shorter period as the Broker/Dealer may request. The Insurer shall offer such Discovery Period pursuant to such terms, conditions and premium as the Insurer may reasonably decide. In the event of a Transaction, the right to a Discovery Period shall not otherwise exist except as indicated in this paragraph.

The additional premium for the Discovery Period shall be fully earned at the inception of the Discovery Period. The Discovery Period is not cancelable. This clause and the rights contained herein shall not apply to any cancellation resulting from non-payment of premium.

The offer by the Insurer of renewal terms, conditions, Limits of Liability and/or premiums different from those of the expiring policy shall not constitute a refusal to renew.

11. **CANCELLATION CLAUSE**

This policy may be cancelled by the Broker/Dealer first named in Item 1 of the Declarations at any time only by mailing written prior notice to the Insurer stating when thereafter such cancellation shall be effective, or by surrender of this policy to the Insurer or its authorized agent. This policy may also be cancelled by or on behalf of the Insurer by delivering to the Broker/Dealer or by mailing to the Broker/Dealer, by registered, certified, or other first class mail, at the Broker/Dealer's address as shown in Item 1 of the Declarations, written notice stating when, not less than sixty (60) days thereafter, or ten (10) days thereafter in the event of nonpayment of premium when due, the cancellation shall be effective. The mailing of such notice as aforesaid shall be sufficient proof of notice. The Policy Period terminates at the date and hour specified in such notice, or at the date and time of surrender.

If this policy shall be cancelled by the Broker/Dealer, the Insurer shall retain the customary short rate proportion of the premium hereron.



If this policy shall be cancelled by the Insurer, the Insurer shall retain the pro rata proportion of the premium hereon.

Payment or tender of any unearned premium by the Insurer shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable. If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

12. **CHANGE IN CONTROL OF BROKER/DEALER**

If during the Policy Period:

a. the Broker/Dealer shall consolidate with or merge into, or sell all or substantially all of its assets to any other person or entity or group of persons and/or entities acting in concert; or

b. any person or entity or group of persons and/or entities acting in concert shall acquire an amount of the outstanding securities representing more than 50% of the voting power for the election of directors of the Broker/Dealer, or acquires the voting rights of such an amount of such securities;

(either of the above events herein referred to as the "Transaction")

then, this policy shall continue in full force and effect as to Wrongful Acts occurring prior to the effective time of the Transaction, but there shall be no coverage afforded by any provision of this policy for any actual or alleged Wrongful Act occurring after the effective time of the Transaction. This policy may not be canceled after the effective time of the Transaction and the entire premium for this policy shall be deemed earned as of such time. The Broker/Dealer shall also have the right to an offer by the Insurer of a Discovery Period described in Clause 10 of the policy.

The Broker/Dealer shall give the Insurer written notice of the Transaction as soon as practicable, but not later than 30 days after the effective date of the Transaction.

13. **SUBROGATION**

In the event of any payment under this policy, the Insurer shall be subrogated to the extent of such payment to all the Broker/Dealer's and the Insureds' rights of recovery thereof, and the Broker/Dealer and the Insureds shall execute all papers required and shall do everything that may be necessary to secure such rights including the execution of such documents necessary to enable the Insurer effectively to bring suit in the name of the Broker/Dealer and/or the Insureds. In no event, however, shall the Insurer exercise its rights to subrogation against an Insured under this policy unless such Insured has been convicted of a criminal act, or been judicially determined to have committed a deliberate fraudulent act, or obtained any profit or advantage to which such Insured was not legally entitled, or arising out of an act other than a covered Professional Service or Broker/Dealer service by such other Insured.



14. **OTHER INSURANCE**

Such insurance as is provided by this policy shall apply only as excess over any other valid and collectible insurance.

15. **NOTICE AND AUTHORITY**

It is agreed that the Broker/Dealer first named in Item 1 of the Declarations shall act on behalf of Insureds with respect to the giving of notice of Claim or giving and receiving notice of cancellation, the payment of premiums and the receiving of any return premiums that may become due under this policy, the receipt and acceptance of any endorsements issued to form a part of this policy and the exercising or declining to exercise any right to a Discovery Period. Notice to any agent or knowledge possessed by any agent or any other person shall not effect a waiver or a change in any part of this policy or stop the Insurer from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy and signed by an authorized representative of the Insurer.

16. **TERRITORY**

This policy applies to Claims which are bought anywhere in the World.

17. **ASSIGNMENT**

This policy and any and all rights hereunder are not assignable without the written consent of the Insurer.

18. **ALTERNATIVE DISPUTE RESOLUTION PROCESS**

It is hereby understood and agreed that all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR") set forth in this clause.

Either the Insurer or the Insured(s) may elect the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insureds' choice of ADR shall control.

The Insurer and Insured(s) agree that there shall be two choices of ADR: (1) non-binding mediation administered by the America Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the America Arbitration Association under or in accordance with its then-prevailing commercial



arbitration rules, in which the arbitration panel shall be composed of three disinterested individuals. In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator(s) or arbitrators shall also give due consideration to the general principles of the law of the state where the Broker/Dealer is incorporated in the construction or interpretation of the provisions of this policy; provided, however, that the terms, conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the manner most consistent with the relevant terms, conditions, provisions or exclusions of the policy. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation. In all events, each party shall share equally the expenses of the ADR.

Either choice of ADR may be commenced in either New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver, Colorado; or in the state indicated in Item 1 of the Declaration's page as the mailing address for the Broker/Dealer. The Broker/Dealer shall act on behalf of all Insureds in deciding to proceed with ADR under this clause.

## 19. ACTION AGAINST INSURER

Except as provided in Clause 18 of this policy, no action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insureds' obligation to pay shall have been finally determined either by judgment against the Insureds after actual trial or by written agreement of the Insureds, the claimant and the Insurer.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Insurer as a party to any action against the Insureds or the Broker/Dealer to determine the Insureds' liability, nor shall the Insurer be impleaded by the Insureds or the Broker/Dealer or their legal representatives. Bankruptcy or insolvency of the Broker/Dealer or the Insureds or of their estates shall not relieve the Insurer of any of its obligations hereunder.

## 20. HEADINGS

The descriptions in the headings of this policy are solely for convenience, and form no part of the terms and conditions of coverage.



21. **SERVICE OF SUIT CLAUSE (U.S.A.)**

This Clause is not intended to conflict with or override the parties' obligation to arbitrate their disputes in accordance with Clause 18

It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

It is further agreed that service of process in such suit may be made upon Sedgwick, Detert, Moran & Arnold, 125 Broad Street, New York, NY 10004, USA and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Insured (or Reinsured) to give a written undertaking to the Insured (or Reinsured) that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefore Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured (or Reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.



VAR ) TE )RIS XCI ION. ORS ENT

lotwi ndin ·prov 1 to t ntra thin usur or an forse : thereto i
greet :this ance udes . dan cost pens what or na directly o
xdire cause resu from n coi ion v my o follo ; regi ss of any
ause ent c butir ncun / or i / oth quen the k

. W vasi cts of lgn e ies, k ities srilk ratio theth ur be decl
oi , civ :, reb n, re ion, i recti ivil c otior min; proporti
oi runi an u ig, m y or ped f r; or

ar t of t ism.

F z pur of th dorse t an i f tem 1 mer n act ndin .not limit
th : of f or vi e an the th there f any ion o up(s) ersons,
w er ac lone a bel f or i nnec with organ n(s) overnmen
oi itted olitic eligic deolc 1 or s r pu s inc ig th ention to
ir ce z overn t and pot ublic any a n of ublic ear.

This c seme so ez es lo imag et or use c atsor natur ectly or
ndire cause , resu ; froc n co tion any t take cont ig, preve
appr g or: y wa ating and/ above

f the cwri alleg t by r n of zclu any dam cost c pense is i
over / this rance burd :pro the o ry sk e upc : Ass .

n the at any tion c s enc ment und : inv r une ceabl e remain
hall: in in force effec

8/IC
NMA

used is en men

zardc rope: inch adio :, tor expl = properti iclear -
xrial ans s s mr , spe nucle ateri by-produc rial; "source
xrial pecia dear i rial", "by-] act m al" have t amings given
n in atom ergy 1954 1 any ame ary thereo nt fuel"
ms z el cl it or: comp d, so : liqu hich has l sed or
osed diati t a nr : reac "was neans waste ma (1)
maini f-pro mate and ( multir m th eration by ierson or
aniz of ar clear lity i led w the iition of m facility
ler pr aph ( ·(b) t of "r ar fac " me

any ear n e,

any pmer devis signe used 1) se ting the is s of uranium
or p ium proce g or i ing e fuel, ) handlin essing or
pac ig wi

any pmer devi ed fo proc ig, fa ting or al of special
nuc nate f at e ne th al ar : of a material ir ustody of the
inst it the nises re m quip or de is located ists of or
con mor n 25 is of: mium urani 33 or any ination
ther or m am 2 rams raniu i5,

any cture in, ce ition, aises lace j ared or us the storage or
disj of w

l incl the i n wh ny o fore ; is k d, all oper conducted
such and i emis ed fo h op ons; ear reactc ans any
xarati signi used stru lear : n in f-supporti ain reaction or
conta critic ass o ional uteri With ct to inju r destruction
prope the v "inju r "de tion' udes arms of ra tive
nami m of erty.

It ders and d th cept ecifi ·prov . in th regoing to ontrary, this
cl is a t to tl ms, usion nditic nd fi ions e Policy t ch it is
ai d.

• (E: A spect icies h aft iabil overs nd o forms of t ge in
ai n, th ards t lined uld b ende desig the l ity covera which this
cl is to ty.

1· 0
N 1256

**BRIT PREMIUM PAYMENT WARRANTY**

IT IS WARRANTED that the Premium due to Underwriters under this Policy is to be paid within 205 days of inception.

Non-receipt by Underwriters of such Premium in full, by the due Premium payment date, shall render this Policy void *ab initio*.

