UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISON

| | |
|---|---|
| STERLING FINANCIAL INVESTMENT GROUP, INC., a Florida corporation (and CHARLES GARCIA individually),<br><br>Plaintiff,<br><br>v.<br><br>AON LIMITED a foreign corporation, and SWINGLEHURST LIMITED, BRIT SYNDICATES a foreign corporation, LEXINGTON INSURANCE COMPANY, a foreign corporation, ACE SYNDICATES, a foreign corporation and WURTT, a foreign corporation,<br><br>Defendants. | Case No.: 9:07-cv-80788-KLR<br><br>RECEIVED<br>SEP 2 4 2007<br>BY:_____ |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND THIRD PARTY COMPLAINT

Certain Underwriters at Lloyd's, London subscribing to policies numbered SF403040X and FD0504362 ("Lloyd's"), incorrectly identified by Plaintiff as Brit Syndicates and ACE Syndicates, Lexington Insurance Company ("Lexington"), and Württembergische Versicherung AG ("Württ"), incorrectly identified by Plaintiff as Wurtt, collectively referred to hereinafter as the Defendants, hereby answer the Plaintiff's amended complaint and assert their affirmative defenses, counterclaims and third-party complaint, as follows:

1.  Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except admit that the Plaintiff, by its amended complaint, is seeking certain damages from Defendants.



Case No.: 9:07-cv-80788-KLR

2. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. To the extent AON Limited has been voluntarily dismissed by Plaintiff from this action, no response to the allegations contained in paragraph 3 is required from Defendants, except to deny that AON is the "issuer" of the insurance policy attached to Plaintiff's amended complaint as Exhibit "A."

4. Defendants admit the allegations contained in paragraph 4 to the extent that certain members of a Lloyd's underwriting syndicate managed by Brit Syndicates Limited subscribe in their designated percentages to policy number FD0504362, but otherwise deny the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5 to the extent that Lexington subscribes in its designated percentage to policy number FD0504362, but otherwise deny the allegations contained in paragraph 5.

6. To the extent Swinglehurst Limited has been voluntarily dismissed by Plaintiff from this action, no response to the allegations contained in paragraph 6 is required from the Defendants, except to deny that Swinglehurst is the "issuer" of the insurance policy attached to Plaintiff's amended complaint as Exhibit "B."

7. Defendants admit the allegations contained in paragraph 7 to the extent that certain members of a Lloyd's underwriting syndicate managed by ACE Underwriting Agencies Limited subscribe in their designated percentages to policy number SF4030340X, but otherwise deny the allegations contained in paragraph 7.

Case No.: 9:07-cv-80788-KLR

8. Defendants admit the allegations contained in paragraph 8 to the extent that Württ subscribes in its designated percentage to policy number SF403040X, but Defendants otherwise deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. To the extent the allegations contained in paragraph 10 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 10 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

11. To the extent the allegations contained in paragraph 11 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 11 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy, but admit that coverage under the referenced policy is subject to and in excess of a $100,000 "Retention Amount" for each and every claim.

12. Defendants deny the allegations contained in paragraph 12.

13. To the extent the allegations contained in paragraph 13 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 13 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

Case No.: 9:07-cv-80788-KLR

14. To the extent the allegations contained in paragraph 14 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations in paragraph 14 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy, but admit that coverage under the referenced policy is subject to and in excess of a $100,000 "Retention Amount" for each and every claim.

15. Defendants deny having knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 15 regarding the Wheeler Claim; the Defendants otherwise deny the allegations contained in paragraph 15 and aver that the referenced policy speaks for itself and therefore refer to the policy for its contents.

16. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 regarding the referenced Statement of Claim; the Defendants otherwise deny the allegations contained in paragraph 16 and aver that the referenced policy speaks for itself and therefore refer to the policy for its contents.

17. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 regarding the referenced Statement of Claim; the Defendants otherwise deny the allegations contained in paragraph 17 and aver that the referenced policy speaks for itself and therefore refer to the policy for its contents.

18. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 regarding the referenced Statement of Claim; the Defendants otherwise deny the allegations contained in paragraph 18 and aver that the referenced policy speaks for itself and therefore refer to the policy for its contents.

Case No.: 9:07-cv-80788-KLR

19. To the extent the allegations contained in paragraph 19 purport to set forth and/or interpret any provision of the referenced policies, Defendants aver that the policies speak for themselves and therefore refer to the polices for their contents; the Defendants otherwise deny the allegations contained in paragraph 19 both generally and to the extent they purport to set forth a legal conclusion as to any term or condition of coverage thereunder, but admit that coverage under the policies is subject to and in excess of a $100,000 "Retention Amount" for each and every claim.

20. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## COUNT I – DECLARATORY RELIEF AS TO SF403040X

21. Defendants incorporate herein their responses to paragraphs 1-15.

22. Defendants admit that an actual controversy exists between the Plaintiff and them and that coverage under the referenced policy is subject to and in excess of a $100,000 "Retention Amount" for each and every claim, but otherwise deny the allegations contained in paragraph 22.

23. To the extent the allegations contained in paragraph 23 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 23 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

24. To the extent the allegations contained in paragraph 24 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself

5

Case No.: 9:07-cv-80788-KLR

and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 24 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendants admit the allegations contained in paragraph 26 to the extent an actual controversy exists between the Plaintiff and them.

27. Defendants deny the allegations contained in paragraph 27, except admit, based on the terms and conditions of the referenced policy, the specific allegation that Plaintiff "is liable for all attorneys' fees and other Losses accrued in the underlying cases...."

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31 and the unnumbered "WHEREFORE" paragraph that follows.

COUNT II – DECLARATORY RELIEF AS TO FD0504362

32. Defendants incorporate herein their responses to paragraphs 1-16.

33. Defendants admit that an actual controversy exists between Plaintiff and them and that coverage under the referenced policy is subject to and in excess of a $100,000 "Retention Amount" for each and every claim, but otherwise deny the allegations contained in paragraph 33.

Case No.: 9:07-cv-80788-KLR

34. To the extent the allegations contained in paragraph 34 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 34 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

35. To the extent the allegations contained in paragraph 35 purport to set forth and/or interpret any provision of the referenced policy, Defendants aver that the policy speaks for itself and therefore refer to the policy for its contents; the Defendants otherwise deny the allegations contained in paragraph 35 both generally and to the extent they purport to set forth a legal conclusion as to any duty or obligation under the referenced policy.

36. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Defendants admit the allegations contained in paragraph 37 to the extent an actual controversy exits between the Plaintiff and them.

38. Defendants deny the allegations contained in paragraph 38 except aver, based on the terms and conditions of the referenced policy, that Plaintiff "is liable for all attorneys' fees required to defend the underlying claims."

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegation contained in paragraph 40.

41. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

Case No.: 9:07-cv-80788-KLR

42. Defendants deny the allegations contained in paragraph 42 and the unnumbered "WHEREFORE" paragraph that follows.

### COUNT III – BREACH OF CONTRACT BY DFENDANTS IMPROPERLY ATTEMPTING TO IMPOSE ARBITRATION

43. Defendants incorporate herein their responses to paragraphs 1-14.

44. To the extent the allegations contained in paragraph 44 purport to set forth and/or interpret any provision of any referenced policy, Defendants aver that the policies speak for themselves and therefore refer to the policies for their contents; the Defendants otherwise deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, but admit that the referenced polices each contain an "Alternative Dispute Resolution Process' provision.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

### COUNT IV – BREACH OF CONTRACT AS TO SF403040X AND FD0504362

49. Defendants incorporate herein their responses to paragraphs 1-14.

50. To the extent the allegations contained in paragraph 50 purport to set forth and/or interpret any provision of the referenced policies, Defendants aver that the policies speak for themselves and therefore refer to the policies for their contents; the Defendants otherwise deny

Case No.: 9:07-cv-80788-KLR

the allegations contained in paragraph 50 to the extent they imply or infer that the Defendants currently have a duty to defend Plaintiff.

51. Defendants deny the allegations contained in paragraph 51 and the unnumbered "WHEREFORE" paragraph that follows.

## **AFFIRMATIVE DEFENSES**

52. Plaintiff's complaint, in whole or in part, fails to state a claim or claims upon which relief may be granted.

53. Plaintiff's claims are barred in that it has selected an improper venue for suit.

54. Plaintiff's claims are barred in that it has failed to join a party or parties necessary for just adjudication.

55. Plaintiff's claims are barred by and/or subject to the terms, conditions, definitions, exclusions, limits, retention amounts/self-insured retention, endorsements and declarations of the insurance policies at issue.

56. Plaintiff's claims are barred in that it has failed to satisfy all conditions precedent to coverage under the insurance policies at issue.

57. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or unclean hands.

58. Plaintiff's claims are barred in that it has failed to mitigate, minimize or avoid its claimed injuries and damages.

59. Plaintiff's claims are barred in that its claimed injuries and damages were caused by its own negligence, gross negligence or other misfeasance and/or malfeasance.

Case No.: 9:07-cv-80788-KLR

60. Plaintiff's claims are barred, or should otherwise be reduced or allocated to other parties, in that its claimed injuries and damages were caused by the negligence, gross negligence or other misfeasance and/or malfeasance of other liable parties.

61. Plaintiff's claims are barred, in whole or in part, in that its claimed injuries and damages involve amounts that were incurred or expended by Plaintiff after the Defendants' alleged coverage obligations terminated.

62. Plaintiff's claims are barred, in whole or in part, in that they involve claimed loss amounts and related expenses that are not covered and/or are otherwise excluded under the terms, conditions, definitions and exclusions of the insurance policies at issue.

63. Plaintiff's claims are barred by the applicable statute of limitations and/or the equitable doctrine of laches.

WHEREFORE, the Defendants hereby request the Court enter judgment:

A. Dismissing Plaintiff's claims with prejudice;

B. Declaring that the referenced insurance policies impose no duties or obligations upon the Defendants, that Plaintiff has materially breached the relevant terms and conditions of coverage and the Defendants have acted at all times in compliance with the terms and conditions of said policies and the applicable and governing law;

C. Denying Plaintiff's claims for relief, damages, fees, interest and costs and disbursements;

D. Denying Plaintiff's claims for punitive damages as violative of the U.S. and applicable state Constitutions; and