Case No.: 9:07-cv-80788-KLR

E.  Granting the Defendants such other and further relief, including attorney's fees and costs, as the Court finds just and appropriate.

## DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs, Certain Underwriters at Lloyd's, London ("Lloyd's"), Lexington Insurance Company ("Lexington"), and Württembergische Versicherung AG ("Württ") (hereinafter referred to collectively as the "Insurers"), for their Counterclaims and Third-Party Claims against Plaintiff, Sterling Financial Investment Group, Inc. ("Sterling Financial"), and Third-Party Defendants, Charles P. Garcia ("Garcia") and vFinance Investments, Inc. ("vFinance") ("Sterling Financial," "Garcia" and "vFinance" are hereinafter referred to collectively as "Sterling"), allege as follows:

### NATURE OF ACTION AND JURISDICTION

1.  This is a claim for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2002 and breach of contract.

2.  This court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. §1332 (a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### PARTIES

3.  Lloyd's consists of members of underwriting syndicate numbers 2987 and 2488, managed respectively by Brit Syndicates Limited and ACE Underwriting Agencies Limited, business entities organized and existing under the laws of the United Kingdom that are in the business of the sale and insurance of insurance policies for, *inter alia,* professional liability, and have their principal places of business in London, England.

11

Case No.: 9:07-cv-80788-KLR

4.  The participating Lloyd's Syndicates subscribe in their designated percentages to one or both of policy number SF403040X, effective from May 9, 2004 to May 24, 2005, and policy number FD0504362, effective from May 24, 2005 to May 24, 2006, as follows: (1) Syndicate 2987, 30% under policy number SF403040X and 50% under policy number FD0504362; and (2) Syndicate 2488, 20% under policy number SF403040X. Policy number SF403040X and policy number FD0504362 are collectively referred to herein as the "Policies."

5.  Lexington is an insurance company incorporated under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts. Lexington subscribes to the Policies in its designated percentage of 30% under policy number SF0403040X and 50% under policy number FD0504362.

6.  Württ is an insurance company incorporated under the laws of Germany. It is a branch of Württembergische UK Limited, doing business in the United Kingdom. Württ subscribes in its designated percentage of 20% under policy number SF0403040X.

7.  Sterling Financial is a financial services corporation incorporated under the laws of the state of Florida, with its principal place of business at 638 High Street, Boca Raton, Florida 33432. Sterling Financial, at all times relevant to this action, was a registered broker-dealer with the National Association of Securities Dealers ("NASD," now known as the Financial Industry Regulatory Authority), a non-governmental regulatory organization for the trading and exchange of securities based in New York, New York.

8.  Garcia is the Chief Executive Officer of Sterling Financial. Upon information and belief, Garcia maintains residences at 2358 N.W. 23rd Road, Boca Raton, Florida 33432, and at 234 S. Halifax Drive, Ormond Beach, Florida and/or 638 High Street, Boca Raton, FL 33432.



Case No.: 9:07-cv-80788-KLR

9. vFinance is a corporation incorporated under the laws of the state of Florida, with its principal place of business at 3010 North Military Trail, Suite #300, Boca Raton, Florida, 33431.

10. Upon information and belief, vFinance is a successor-in-interest to Sterling Financial.

## FACTS

### A. THE POLICIES

11. The Polices provide Sterling with claims made and reported Securities Broker/Dealer Professional Liability Insurance, subject to their stated terms, conditions, exclusions and endorsements.

12. The Policies are each subject to a $1 million limit of liability for any one Loss, and a $2 million limit of liability in the aggregate. Each policy's limit of liability is in excess of a $100,000 retention (hereinafter referred to as "Retention Amount") for each and every claim.

13. Sterling falls within the definition of "Insured" under Definition (f) and endorsements to the Policies.

14. Section 1.C.1 of the Policies provides:

> The Insurer shall have the right and duty to defend, subject to and as part of the Limits of Liability, any Claim made against an Insured during the Policy Period or Discovery Period (if applicable) and reported in writing to the Insurer pursuant to the terms of this policy for any actual or alleged Wrongful Act for which coverage if afforded by this policy, even if any of the allegations of the Claim are groundless, false or fraudulent.

Case No.: 9:07-cv-80788-KLR

15.  The Policies define "Loss" in relevant part, as "damages, judgments, settlements and Defense Costs. . . ."

16.  The Policies define "Defense Costs" in relevant part, as "reasonable and necessary fees, costs and expenses consented to by the Insurer . . . resulting solely from the investigation, adjustment, defense and appeal of a Claim against an Insured(s). . . ."

17.  Under Section 1.C.2 of the Policies, a "Settlement Opportunity" exists when the "Insurer recommends a settlement that does not exceed the policy's applicable Limit of Liability and which is acceptable to the claimant."

18.  Section 1.C.2 of the Policies provides, in pertinent part, that if Sterling does not consent to a "Settlement Opportunity" within thirty (30) days, then the Insurers' "liability for the Claim shall not exceed the amount for which [they] could have settled the Claim plus Defense Costs incurred up to the date of the refusal to settle."

19.  Section 1.C.2 of the Policies also provides:

> In the event the Insured(s) refuse to refuse to consent to a Settlement Opportunity, the Insurer shall have the right but not the obligation to continue the defense of the Claim after the date of the refusal to settle and may in such a case, at any time after the date of the refusal to settle, withdraw from the further defense of the Claim by tendering control of the defense to the Insured.

20.  Section 5, "Limits of Liability," of the Policies provides that "Defense Costs are not payable by the Insurer in addition to the Limit of Liability. Defense Costs are part of Loss and as such are subject to the Limit of Liability for Loss."

21.  Section 6, "Retention," of the Policies provides:

> The Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount . . .

14



Case No.: 9:07-cv-80788-KLR

such Retention Amount **to be borne by the Insureds** and shall remain uninsured with regard to all Loss arising from any Claim (emphasis added).

22. Sections 8 and 7, "Notice/Claim Provisions," of the Policies provide, in relevant part:

(a) The Broker/Dealer or the Insured, shall as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of a Claim made against an Insured as soon as practicable during the Policy Period or during the Discovery Period (if applicable) as long as such Claim(s) is reported no later than 30 days after the date such Claim was first made against an Insured.

### B. THE INSURERS ACCEPTED COVERAGE FOR FOUR CLAIMS TENDERED BY STERLING

23. *Roger Wheeler, et al. v. Cardinal Capital Management, Inc., et al.*, NASD Case No. 05-01877 (the "Wheeler Claim") is a claim against, *inter alia*, Sterling that was filed with the NASD in California on or about April 18, 2005 and, upon information and belief, remains pending.

24. At least three other claims are pending against, *inter alia*, Sterling: (1) *Carmella Donnino, et al v. Sterling Financial Investment Group, Inc., et al.*, NASD Case No. 05-03710 (the " Donnino Claim"); (2) *Charles P. Camilleri and Frances Camilleri v. Sterling Financial Investment Group, Inc., et al.*, NASD Case No. 05-05582 (the "Camilleri Claim"); and (3) *Howard Frank and Diana Frank v. JW Genesis, Inc. n/k/a Wachovia Securities Financial Network, LLC, et al.*, NASD Case No. 05-06709 (the "Frank Claim").

25. The Donnino Claim was filed with the NASD in Florida on July 18, 2005. The Camilleri Claim was filed with the NASD in Florida on October 31, 2005. The Frank Claim was filed with the NASD in Florida on January 4, 2006.

Case No.: 9:07-cv-80788-KLR

26. Sterling tendered the Wheeler Claim to the Insurers subscribing to policy number SF403040X.

27. Sterling tendered the Donnino, Camilleri and Frank Claims to the Insurers subscribing to policy number FD0504362.

28. With the consent of Sterling, the Insurers assigned the law firm of Marshall, Dennehey, Warner, Coleman & Goggin as defense counsel to defend the Wheeler Claim.

29. With the consent of Sterling, the Insurers assigned the law firm of Marshall, Dennehey, Warner, Coleman & Goggin as defense counsel to defend the Donnino and Camilleri claims, and the law firm of Sutherland Asbill & Brennan to defend the Frank Claim.

30. The Insurers accepted coverage for each claim subject to the terms, conditions, and exclusions of the Policies and their rights under the Policies and at law.

31. The Insurers have notified Sterling that the "Insureds" under the Policies must satisfy the Retention Amount for each claim before the Insurers had any obligation to pay Loss under the Policies.

C. **STERLING BREACHED CONTRACTUAL OBLIGATIONS UNDER THE POLICIES**

32. Sterling has, without valid reason or excuse, failed and refused to satisfy their obligations under Section 6 of the Policies to pay the Retention Amount.

33. Sterling breached its obligations under Section 6 of the Policies by failing and refusing to make Loss payments in connection with the Wheeler, Donnino, Camilleri and Frank Claims, including payments for Defense Costs within the Retention Amount.

Case No.: 9:07-cv-80788-KLR

34. As a result of the breaches by Sterling, the Insurers have paid or will pay Defense Costs in connection with the Wheeler, Donnino, and Camilleri Claims totaling $113,947.49.

35. Each of the payments the Insurers have made or will make for each Claim are for Loss amounts comprised of Defense Costs within the Retention Amount ($27,814.51 for the Wheeler Claim, $28,290.58 for the Donnino Claim and $57,842.40 for the Camilleri Claim).

36. With the knowledge and consent of Sterling, defense counsel engaged in settlement discussions with the claimants in each of the four Claims. During that process, the Insurers and Sterling agreed that it was reasonable to determine whether and for what amount each of the Claims could be settled.

37. Once defense counsel obtained settlement demands and began to negotiate lower demands, the Insurers promptly advised Sterling and its counsel that "Settlement Opportunities" under Section 1.C.2 of the Policies had become available in each Claim. Copies of these letters are attached hereto as Exhibits "A," "B," "C," and "D."

38. In each case, the "Settlement Opportunity" was, alone or when added to the incurred Defense Costs, less than the $100,000 Retention Amount applicable to each Claim.

39. Defense counsel advised the Insurers and Sterling that, in their opinion, the settlement demands in each Claim were reasonable.

40. Upon information and belief, each Claim could have been settled for a Loss amount that is within the Retention Amount, including the Defense Costs that had been incurred.

41. Upon information and belief, Sterling has not resolved any of the four Claims in compliance with Section 1.C.2.

Case No.: 9:07-cv-80788-KLR

42. Consequently, pursuant to Section 1.C.2 of the Policies, the Insurers advised Sterling and defense counsel that they were withdrawing coverage for each of the four Claims. Copies of these letters are attached hereto as Exhibits "E," "F," "G," and "H."

43. Because of the failure and refusal of Sterling to pay the Defense Costs incurred by defense counsel, the Insurers have paid or will pay amounts that Sterling is required to pay.

44. The Insurers have demanded that Sterling repay the Defense Costs the Insurers have paid or will pay to the respective defense counsel.

45. Sterling has failed and refused to repay the Defense Costs the Insurers have paid or will pay and that defense counsel have incurred.

46. As a result, and pursuant to the Alternative Dispute Resolution Provision in Sections 18 and 16 of the Policies (the "ADR Provision"), the Insurers filed a demand for arbitration against Sterling with the American Arbitration Association ("AAA") on September 26, 2006. Copies of the original and amended arbitration demands are attached hereto as Exhibits "I" and "J."

47. Sterling rejected the Insurers' arbitration demand and elected non-binding mediation administered by the AAA.

48. A mediation session between the parties took place on March 26, 2007; the mediation terminated without the parties reaching a resolution because Sterling refused to meaningfully participate.

49. Pursuant to the ADR provisions of the Policies, more than 120 days after the termination of the mediation has elapsed.

Case No.: 9:07-cv-80788-KLR

## COUNT I
## DECLARATORY JUDGMENT

**DEFENDANTS ARE LIABLE FOR THE RETENTION
AMOUNT APPLICABLE TO EACH CLAIM**

50. The Insurers repeat and reallege the allegations contained in paragraphs 1-49 as if fully set forth herein.

51. The Policies' limits of liability are subject to and in excess of the Retention Amount applicable for each and every claim.

52. Section 6 of the Policies provides that "[t]he Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount..." and that the Retention Amount is to be borne by the Insureds.

53. Under Section 6 the Policies, Sterling bears the responsibility of paying all Loss, including Defense Costs within the Retention Amount of the Policies, for the Wheeler, Donnino, Camilleri, and Frank Claims.

54. Under Section 6 of the Policies, the Insurers have no obligation to pay Loss, including Defense Costs, until the Retention Amount has been exhausted for each Claim.

55. To date, Sterling has refused to acknowledge the Retention Amount, its sole responsibility for the Retention Amount and that the Insurers are only liable for Loss, including Defense Costs, that exceeds the Retention Amount.

56. An actual dispute exists between the Insurers and Sterling regarding their rights and obligations under the Policies with respect to the Retention Amount.

57. Accordingly, the Insurers seek a declaration from this Court that: (1) the Wheeler, Donnino, Camilleri and Frank Claims are subject to a separate Retention Amount for

19

Case No.: 9:07-cv-80788-KLR

each Claim; (2) Sterling bears the sole responsibility of paying all Loss, including Defense Costs, within the Retention Amount for each Claim; and (3) the Insurers have no obligation to pay Loss, including Defense Costs, until the Retention Amount has been exhausted or exceeded for each Claim.

**COUNT II**
**DECLARATORY JUDGMENT**

**THE INSURERS PROPERLY INVOKED SECTION 1.C.2 OF EACH POLICY**

58. The Insurers repeat and reallege the allegations contained in paragraphs 1-49 as if fully set forth herein.

59. Pursuant to Section 1.C.2 of each policy, if Sterling does not consent to a "Settlement Opportunity" within thirty (30) days, then the Insurers' "liability for the Claim shall not exceed the amount for which [they] could have settled the Claim plus Defense Costs incurred up to the date of the refusal to settle."

60. In the event Sterling refuses to consent to a Settlement Opportunity, pursuant to Section 1.C.2, the Insurers may "at any time after the date of the refusal to settle, withdraw from the further defense of the Claim by tendering control of the defense to the Insured."

61. The claimants in the Wheeler, Donnino, Camilleri and Frank Claims have demanded $30,000, between $32,000 and $35,000, $46,000 and $30,000, respectively.

62. Sterling has refused to consent to "Settlement Opportunities" in the Wheeler, Donnino, Camilleri and Frank Claims.