Case No.: 9:07-cv-80788-KLR

63. Because the total Loss for each Claim based on the settlement demands were within the Retention Amount for each Claim, the Insurers withdrew from the defense of those Claims.

64. An actual dispute exists between the Insurers and Sterling regarding their rights and obligations under the Policies for the Claims.

65. Accordingly, the Insurers seek a declaration from this Court that they are not obligated to provide a defense to or indemnify Sterling for the Wheeler, Donnino, Camilleri and Frank Claims.

## COUNT III
## BREACH OF CONTRACT AGAINST
## STERLING FINANCIAL, GARCIA AND VFINANCE

66. The Insurers repeat and reallege the allegations contained in paragraphs 1-49 as if fully set forth herein.

67. Section 6 of the Policies provides that "[t]he Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount..." and that such Retention Amount is to be borne by the Insureds.

68. Under Section 6 of the Policies, Sterling bears the responsibility of paying all Loss, including, Defense Costs, within the Retention Amounts of the Policies for the Wheeler, Donnino, Camilleri and Frank Claims.

69. Sterling has breached its obligations under the Policies by refusing to pay Loss within the Retention Amounts, for the Wheeler, Donnino, Camilleri and Frank Claims.

Case No.: 9:07-cv-80788-KLR

70. As a result of Sterling's breach of its obligations under Section 6 of the Policies, the Insurers have paid or will pay $113,947.49 to the respective defense counsel for the Wheeler, Donnino and Camilleri Claims. 

71. The amounts that the Insurers have paid or will pay, all of which are within the Retention Amount for each Claim, total $27,814.51 for the Wheeler Claim, $28,290.58 for the Donnino Claim and $57,842.40 for the Camilleri Claim. 

72. vFinance, as Sterling Financial's successor-in-interest, and Garcia are liable to the Insurers for any damages caused by Sterling.

73. The Insurers have suffered damages in the amount of $113,947.49, plus interest and costs, as a result of the breach of contract by Sterling. 

WHEREFORE, the Insurers respectfully request that this Court grant them the following relief:

    a)    a Judgment declaring that the coverage under the Policies is subject to the Retention Amount; that Sterling is liable for paying all Loss, including Defense Costs, within the Retention Amount; and the Insurers have no obligation to pay any Loss, including Defense Costs, until the Retention Amount has been exhausted or exceeded for each Claim.

    b)    a Judgment declaring that the Insurers have no obligation to further defend or indemnity Sterling in connection with the Wheeler, Donnino, Camilleri, and Frank Claims;

Case No.: 9:07-cv-80788-KLR

c) an Order requiring Sterling Financial, Garcia, vFinance, and each of them, to pay to the Insurers an amount no less than $113,947.49, plus interest and costs, as a result of the breach of contract by Sterling; and

d) such other, further or different relief as appears just and proper to this Court.

Respectfully submitted,

/s/ Jennifer Anderson Hoffman
Jennifer Anderson Hoffman (FBN: 981605)
email: janderson@marlowconnell.com
Marlow, Connell, Valerius, Abrams
 Adler, Newman & Lewis
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, FL  33146
Phone: (305) 446-0500
Fax: (305) 446-3667
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day September, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

By: /s/ Jennifer Anderson Hoffman
Jennifer Anderson Hoffman

## SERVICE LIST
Sterling Financial Investment Group, etc. v. AON Limited, et al.
Case No. 9:07-cv-80788 KLR
United States District Court, Southern District of Florida

---

Ejola Christlieb Cook, Esquire
Ticktin & Rodriguez, P.A.
Suite 160
3700 Coconut Creek Parkway
Coconut Creek, FL  33066
Phone: (954) 978-8950
Fax: (954) 978-9513
Counsel for Plaintiff
*Served via U.S. Mail*

# EXHIBIT A

# Kissel & Pesce LLP
Attorneys at Law

555 White Plains Road
Tarrytown, New York 10591

Telephone (914) 750-5933
Facsimile (914) 750-5922

August 1, 2006

CONFIDENTIAL

<u>VIA E-MAIL AND CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

Cristina Avila
Sterling Financial Investment Group, Inc.
1200 North Federal Highway, Suite 400
Boca Raton, Florida 33432

Re: Securities Broker/Dealer Professional Liability Insurance
Insured: Sterling Financial Investment Group, Inc.
Policy Ref.: SF403040X
Policy Period: May 9, 2004-May 9, 2005
Policy Limits: $1 million/$2 million in the aggregate, including Defense Costs excess of a $100,000 retention (includes Defense Costs)
Subject: *Roger Wheeler and Paul Wheeler under the power of attorney for Roger Wheeler and Mary Wheeler as Joint Tenants v. Sterling Financial Investment Group, Inc., et al.*
Our File No. 40117.00034

Dear Cristina:

As you are aware, this firm represents the interests of certain Underwriters at Lloyd's ("Underwriters") that issued the referenced Securities Broker/Dealer Professional Liability Insurance policy to Sterling Financial Investment Group, Inc. ("Sterling") for claims made and reported during the period May 9, 2004 to May 9, 2005. The subject policy provides limits of liability of $1 million for each Claim and $2 million in the aggregate in excess of a $100,000 self-insured retention for each Claim.

We understand that settlement negotiations with the claimants in this matter have resulted

New York City
60 East 42nd Street, Suite 817
New York, New York 10165
Telephone (212) 557-7927
Facsimile (212) 557-7950

London
81 Gracechurch Street
London EC3V OAU, England
Telephone +44 (0) 20 7398-4350
Facsimile +44 (0) 20 7398-4351

New Jersey
111 Dunnell Road
Maplewood, New Jersey 07040-2689
Telephone (973) 275-1588
Facsimile (973) 275-7808

**Kissel & Pesce** LLP
Ms. Avila
August 1, 2006
Page No.: 2

in a reduced settlement demand by Claimants of $30,000 on June 22, 2006. Claimants demand this amount in full and final settlement of all claims against Sterling in the Wheeler matter. It is our understanding that Sterling refused to make a counter-offer to this demand above their previous offer of $7,500. For the reasons set forth in this letter, Sterling's insurers demand that Sterling settle the Wheeler matter within the applicable self-insured retention up to the claimants' current demand of $30,000.

\*   \*   \*

We have been advised that a hearing on discovery issues is scheduled to take place in California on August 3, 2006 and that other major case events requiring Marshall Dennehey's attendance are scheduled to take place in California over the next few months, including the arbitration in November 2006.

Marshall Dennehey also provided us with the results of their investigation of the Wheeler accounts vis-a-vis Sterling and reported that that the out-of pocket losses in those accounts are $70,162.66.

Based on the foregoing, Underwriters have instructed us to invoke the terms of the subject policy regarding settlement opportunities. *See Section 1.C.2.Investigation and Settlement.* The relevant provisions of the policy follow:

> ...if a Settlement Opportunity[1] arises in connection with any Claim (regardless of type) and the Insured(s) do not consent to the settlement within the timeframe described below, the retention amount shall remain the applicable amount set forth in Item 5 of the Declarations [the retention amount is $100,000, inclusive of Defense Costs] even if consent is given to a subsequent settlement.
>
> The Insured(s) must consent to a Settlement Opportunity within thirty (30) days of the date the Insured(s) are first made aware of the Settlement Opportunity, or in the case of a Settlement Opportunity which arises from a settlement offer by the claimant then within the time permitted by the claimant to accept such settlement offer but no later than thirty (30) days. Furthermore, in the event the Insured(s) do not consent to the settlement within the timeframe described herein, the Insurer's liability for the Claim shall not exceed the amount for which the Insurer could have settled the Claim plus Defense Costs[2] incurred up to the date of the refusal to settle.

---

[1] According to the policy, a "Settlement Opportunity" exists if the Insurer recommends a settlement that does not exceed the policy's applicable Limit of Liability which is acceptable to the claimant (a "Settlement Opportunity")... *Section 1.C.2.Defense, paragraph two.*

[2] Defense Costs are defined by the policy as "reasonable and necessary fees, costs and expenses consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to

**Kissel & Pesce LLP**
Ms. Avila
August 1, 2006
Page No.: 3

> In the event the Insured(s) refuse to consent to a Settlement Opportunity, the Insurer shall have the right but not the obligation to continue the defense of the Claim after the date of the refusal to settle and may in such a case, at any time after the date of the refusal to settle, withdraw from the further defense of the Claim by tendering control of the defense to the Insured.

Claimants made a settlement demand of $30,000 from Sterling on June 22, 2006. The demand is within the policy's $1 million limit of liability and within Sterling's $100,000 self-insured retention. It also represents less than one-half of the claimants' out-of-pocket losses, a significant discount off of the loss suffered by the accounts. It will certainly cost Sterling more than $30,000 to have Marshall Dennehey continue to defend Sterling through arbitration. Based on (1) the uncertainty of how the arbitration panel will view the strength of the claimants' claims against Sterling, (2) the costs incurred in defending this matter, (3) the anticipated costs of defense (defense counsel's projected budget for this matter is more than $86,000), including Marshall Dennehey's travel to California for various hearings, and (4) the results of the profit and loss analyses performed on the Wheeler accounts vis-à-vis Sterling (out-of-pocket losses are approximately $70,000), we invoke the above-referenced provisions of the policy. Sterling shall have until 30 days from receipt of this letter to agree to this Settlement Opportunity. If Sterling does not agree Underwriters will withdraw from the further defense of the Wheeler matter.

To be clear, Sterling has an opportunity to settle this matter for an amount well within the $100,000 retention. Sterling's payment of the current demand taken together with incurred Defense Costs would not exceed the applicable retention. Since the retention would not be exhausted, Underwriters would not be obligated to make any payments under the policy.[3]

As a final point, we have been notified that Sterling has not yet paid any of Marshall Dennehey's fees/expenses incurred in connection with their defense of Sterling in this matter and that Sterling has a minimum outstanding balance of $11,000. As we advised you in previous correspondence, Sterling is responsible for the payment of any Defense Costs that are incurred within the $100,000 self-insured retention. Underwriters are "only liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount..., such Retention Amount to be borne by the Insureds and shall remain uninsured with regard to all Loss arising from any Claim." Section 6. Loss is defined by the subject policy to include Defense Costs. Section 2.(i). In view of the foregoing policy provisions, Sterling's failure to pay Marshall Dennehey's fees in connection with this matter is unacceptable and a violation of it's obligations under the policy and at law. Sterling should make arrangements to pay all of Marshall Dennehey's outstanding invoices without further delay.

---

apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a Claim against an Insured(s), but excluding salaries of any Insured. *Section 2.(d) "Defense Costs."*

[3] The Retention provisions of the policy provide that Sterling's insurers are only liable for the amount of Loss arising from a Claim which is in excess of the applicable Retention Amount.

**Kissel & Pesce LLP**

Ms. Avila
August 1, 2006
Page No.: 4

    Please note that nothing in this letter is intended to amend or replace the coverage positions taken in previous correspondence and we hereby continue to fully reserve all of Underwriters' rights under the policy and applicable law. We note that by referring to certain provisions of the policy, Underwriters do not intend to waive or limit any of their rights. To the contrary, we expressly reserve all of Underwriters' rights under applicable law and under the policy, including but not limited to, the right to raise all policy terms, conditions and exclusions as defenses to coverage where appropriate.

    We invite you to contact us with any questions you may have regarding the contents of this letter

Very truly yours,

Jeffrey Hirsch

cc:    Charles Garcia (*via* e-mail only)
       Peter Tictin, Esq. (*via* e-mail only)
       Safeonline (*via* e-mail only)
       Panagiota Ainalakis, Esq.

# EXHIBIT B