# Online Filing Demand For Arbitration/Mediation Form

This concludes your filing.
Thank you for submitting your claim to the AAA.
Your claim confirmation number is: 002-TOZ-GFV

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

Your dispute has been filed in accordance with: Commercial Dispute Resolution Procedures
    This Claim has Been Filed For: Arbitration
                    Filing Fee: $2,750.00

## Additional Claim Information
    Claim Amount: $180,000.00
    Claim Description: To enforce a policyholder's obligation to pay the self-insured retention in connection with claims submitted for coverage under it's insurance policies, and other relief. **see uploaded document**
    Arbitration Clause: see uploaded documents
    Hearing Locale Requested: New York, NY
    Contract Date: 05/09/2004
    **Number of Neutrals:** 3

**Claimant**                      **Representatives**

Insurers subscribing to policies FD0504362 & SF403040X
Type of Business: Insurer

| | |
|---|---|
| **Name:** <br> **Company Name:** Insurers subscribing to policies FD0504362 & SF403040X <br> **Address:** C/O Kissel & Pesce <br> 555 White Plains Road <br> Tarrytown, NY 10591 <br> **Tel#:** 914 750-5933 <br> **Fax#:** 914 750-5922 <br> **Email:** jhirsch@kplaw.net <br> **Include in Caption:** Company | **Name:** Jeffrey Hirsch <br> **Company Name:** Kissel & Pesce LLP <br> **Address:** 555 White Plains Road <br> Tarrytown, NY 10591 <br> **Tel#:** 914 750-5933 <br> **Fax#:** 914 750-5922 <br> **Email:** jhirsch@kplaw.net |

**Respondent # 1**                **Representatives**

Charles Garcia-Sterling Financial Investment Group, Inc.
Type of Business: Insured

| | |
|---|---|
| **Name:** Charles Garcia <br> **Company Name:** Sterling Financial Investment Group, Inc. <br> **Address:** 1200 N. Federal Highway <br> Suite 400 <br> Boca Raton, FL 33432 <br> **Tel#:** 561 886-2256 <br> **Fax#:** 561 886-2333 <br> **Email:** <br> **Include in Caption:** Both | **Name:** Peter Tictin <br> **Company Name:** Tictin & Rodriguez, P.A. <br> **Address:** P.O. Box 811554 <br> Boca Raton, FL 33481 - 1554 <br> **Tel#:** 561 392-6933 <br> **Fax#:** 561 392-5158 <br> **Email:** pt@trlawoffice.com |

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.
Your demand/submission for arbitration/mediation was received by the American Arbitration Association on 09/28/2006 at 18:09 Eastern (US) time.

## THE NATURE OF THE DISPUTE (continued)

This dispute arises from Sterling Financial Investment Group, Inc.'s and Charles Garcia's (the "Respondents") breach of insurance policies that were issued by the Insurers subscribing to policies SF403040X and FD0504362 ("Claimants" in this proceeding). The Arbitration clause in the policies is contained at Section 16 (the policy materials are attached to this Demand).

The Claimants provided the Respondents with claims-made professional liability insurance for periods effective from (1) May 9, 2004 to May 24, 2005, and (2) May 24, 2005 to May 24, 2006, respectively. The policies that the Respondents purchased set forth what the limits of liability are for covered Claims and state in clear and conspicuous terms that a $100,000 self-insured retention ("Retention Amount") applies to each Claim. In purchasing the policies, the Respondents agreed that the Insurers are "only liable for amounts ... excess of the applicable Retention Amount" and that "such Retention Amount [is] **to be borne by the Insureds**...(emphasis added)." The policies define the term "Loss" to include Defense Costs.[1]

Sterling tendered one claim to the insurers under policy SF403040X and three claims to the insurers under policy FD0504362 that are the subject of this dispute. With Sterling's consent, the Claimants assigned the law firm of Marshall, Dennehey, Warner, Coleman & Goggin ("Marshall Dennehey") as defense counsel for the Insureds in connection with the Claim tendered under policy SF403040X and two of the Claims tendered under policy FD0504362. Sterling also consented to Claimants' assignment of the law firm of Sutherland Asbill & Brennan as defense counsel for the third Claim tendered under policy FD0504362. The Claimants notified Sterling and defense counsel that Sterling must satisfy the Retention Amount before the Claimants had any obligations to pay under the insurance policies. The Claimants accepted coverage for each matter subject to the terms, conditions and exclusions of the policies and various reservations of rights under the policies and at law.

Despite the clear and unambiguous terms of the policies, the Respondents have, without providing any credible reason or excuse, failed and refused to satisfy their obligation to pay Defense Costs and other amounts within the Retention Amount in connection with any of the Claims that were submitted for coverage.

Claimants have adjusted the three Claims being handled by Marshall Dennehey and, with Respondents' knowledge, defense counsel has engaged in good faith settlement discussions with the claimants in each of the three Claims they are defending. The Claimants have promptly advised the Respondents and its counsel that "Settlement Opportunities" (a defined term in the policy) had become available in each Claim. The "Settlement Opportunities" in each matter, when added to the Defense Costs that Marshall Dennehey had incurred, total less than the Retention Amount that would apply for each Claim. Marshall Dennehey advised the Respondents that the claimants' negotiated demands in each matter were reasonable.

---

[1] The polices define "Defense Costs" as "reasonable and necessary fees, costs and expenses consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a Claim against an Insured(s), but excluding salaries of any Insured." *Section 2.(d) "Defense Costs."*

THE NATURE OF THE DISPUTE (continued)

Section 1.C.2. of each of the insurance policies provides, in pertinent part, that the Respondents must consent to a "Settlement Opportunity"[2] within thirty (30) days. If the Respondents do not consent to the "Settlement Opportunity" then the Claimants' "liability for the Claim shall not exceed the amount for which [they] could have settled the Claim plus Defense Costs incurred up to the date of the refusal to settle." Moreover, in the event the Respondents do not timely consent to the "Settlement Opportunity," the Claimants have the right to withdraw coverage for the Claim, and no longer have any responsibility to defend and/or indemnify the Respondents.

Here, the parties could have settled each Claim for an amount, including Defense Costs, below the Retention Amount. The Claimants provided valid notice to the Respondents under Section 1.C.2. more than thirty days ago. Upon information and belief, the Respondents have not resolved any of the three Claims in compliance with Section 1.C.2. Consequently, the Claimants have issued correspondence to the Respondents and Marshall Dennehey advising that they were withdrawing coverage for each of the Claims.

Claimants request that the Panel in this Arbitration render an Award in their favor:

(1) Declaring that it is the Respondents' (and any other party or entity claiming "Insured" status under the policies) obligation under the policies to satisfy the full $100,000 per Claim Retention Amount before the Claimants are required to pay under the policies;

(2) Requiring the Respondents (and any other party or entity claiming "Insured" status under the policies) to indemnify and reimburse the Claimants for any amounts they pay or have paid with respect to any of the Claims, including any loss payments and "Defense Costs," that are within the per Claim Retention Amount;

(3) Declaring that the Claimants properly invoked Section 1.C.2. in each policy, and that as a result, the Claimants are not required to defend and/or indemnify the Respondents (and any other party or entity claiming "Insured" status under the policies) with respect to Claims; and

(4) For such other relief as the Panel deems just and appropriate.

Respectfully submitted,

Jeffrey Hirsch
Kissel & Pesce
A Member of the Firm
Counsel for Claimants
September 28, 2006

---

[2] According to each policy, a "Settlement Opportunity" exists where the "Insurer recommends a settlement that does not exceed the policy's applicable Limit of Liability and which is acceptable to the claimant." Section 1.C.2.

2

# EXHIBIT J



KISSEL PESCE HIRSCH & WILMER

*Limited Liability Partnership*

580 White Plains Rd – 5th Floor
Tarrytown, New York 10591
Main Tel: 914.750.5933
Facsimile: 914.750.5922

Direct Dial: 914.733.7770
E-Mail: jhirsch@kphwlaw.com

March 26, 2007

**CONFIDENTIAL**

<u>**VIA E-MAIL ONLY**</u>

Miroslava Schierholz
International Centre for Dispute Resolution
The International Division of the American Arbitration Association
1633 Broadway, 10th Fl.
New York, NY 10019

> Re: In the matter of *Brit Syndicates 2987 (the Lead Subscriber on policy FD0504362)(50% participation) and Lexington Insurance Company (50% participation) and Brit Syndicates 2987 (the Lead subscriber on policy SF403040X)(30% participation); Lexington Insurance Company (30% participation); ACE Syndicate 2488 (20% participation); and Wurtt (20% participation)*
> vs. *Charles Garcia and Sterling Financial Investment Group, Inc.*
> (Case no. 50 174 V 00416 06)

Dear Ms. Schierholz:

This will serve as Claimants' Amended Demand for Arbitration. As we stated in our Demand for Arbitration, this dispute arises from Sterling Financial Investment Group, Inc.'s and Charles Garcia's (the "Respondents") breach of insurance policies that were issued by the Insurers subscribing to policies SF403040X and FD0504362 ("Claimants" in this proceeding). The Arbitration clause in the policies is contained at Section 16 (the policy materials are attached to the original Demand for Arbitration).

The Claimants provided the Respondents with claims-made professional liability insurance for periods effective from (1) May 9, 2004 to May 24, 2005, and (2) May 24, 2005 to May 24, 2006, respectively. The policies that the Respondents purchased set forth what the limits of liability are for covered Claims and state in clear and conspicuous terms that a $100,000 self-insured retention ("Retention Amount") applies to each Claim. In purchasing the policies, the Respondents agreed that the Insurers are "only liable for amounts ... excess of the applicable Retention Amount" and that "such Retention Amount [is] <u>**to be borne by the Insureds**</u>...(emphasis added)." The policies define the term "Loss" to include Defense Costs.[1]

---

[1] The polices define "Defense Costs" as "reasonable and necessary fees, costs and expenses consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to

KISSEL PESCE HIRSCH & WILMER LLP

Ms. Schierholz
March 26, 2007
Page 2

Sterling tendered one claim to the insurers under policy SF403040X (the "Wheeler" claim) and three claims to the insurers under policy FD0504362 (the "Donnino," "Camilleri," and "Frank" claims) that are the subject of this dispute. With Sterling's consent, the Claimants assigned the law firm of Marshall, Dennehey, Warner, Coleman & Goggin as defense counsel for the Insureds in connection with the Wheeler, Donnino and Camilleri claims, and the law firm of Sutherland Asbill & Brennan in connection with the Frank claim. The Claimants notified Sterling and defense counsel that Sterling must satisfy the Retention Amount before the Claimants had any obligations to pay under the insurance policies, and the attached correspondence appointing defense counsel re-affirm Sterling's retention obligation. *See Exhibits A-D.* The Claimants accepted coverage for each matter subject to the terms, conditions and exclusions of the policies and various reservations of rights under the policies and at law.

Despite the clear and unambiguous terms of the policies, the Respondents have, without providing any credible reason or excuse, failed and refused to satisfy their obligation to pay Defense Costs and other amounts within the Retention Amount in connection with any of the Claims that were submitted for coverage.

Respondents' refusal to acknowledge (and pay) the Retention amount is contradicted by its conduct in connection with other claims tendered for coverage. For example, Respondents never objected or questioned their obligations in the past when they paid the defense firms of Lewis, Brisbois, Bisgaard and Smith LLP and Steel Hector & Davis LLP in connection with the defense of these same Respondents in four other claims that had been tendered and accepted for coverage under earlier policies, of which the subject policies are renewals. In each of those four matters, the sum of the settlement and Defense Costs did not exceed Respondents' self-insured retention. Like the Claims that are the subject of this proceeding, the original amounts sought by the underlying claimants in the earlier claims exceeded the Retention Amount. Notably, the language of those earlier policies is the same as the policies at issue here.

Notwithstanding that Respondents have historically acknowledged their Retention obligations without objection in connection with similar customer complaint proceedings under the earlier-issued policies, they now refuse to acknowledge and fulfill those obligations in connection with the Claims submitted under the same policies (but for the policy periods) that are the subject of this proceeding. This wrongful refusal to pay the Retention Amount has caused pecuniary harm to Claimants and the defense counsel retained to defend the Claims. Despite Respondents' actions, but without waiving any of their rights, Claimants made a good faith accommodation and have paid certain Defense Costs in connection with the defense of these Claims as follows:

---

apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a Claim against an Insured(s), but excluding salaries of any Insured." Section 2.(d) *"Defense Costs."*

KISSEL PESCE HIRSCH & WILMER LLP

Ms. Schierholz
March 26, 2007
Page 3

|  | INCURRED | PAID | OUTSTANDING |
|---|---|---|---|
| Wheeler: | $26,720.55 | $26,494.84 | $225.71 |
| Donnino: | $28,290.58 | $27,857.20 | $483.39 |
| Camilleri: | $57,842.40 | $55,778.60 | $2,036.66 |
| Frank: | $61,136.48 | $0.00 | $61,136.48 |
| **TOTALS:** | **$173,990.01** | **$110,130.64** | **$63,882.24** |

Claimants have adjusted the four Claims and, with Respondents' knowledge, defense counsel has engaged in good faith settlement discussions with the claimants in each of the four Claims they were defending. During that process, the insurers and Sterling agreed that it was reasonable to determine whether (and for what amount) each of the Claims could settle.

Once defense counsel obtained settlement demands and then began to negotiate lower demands, we promptly advised the Respondents and their counsel that "Settlement Opportunities" (a defined term in the policy) had become available in each Claim. The "Settlement Opportunities" in each matter, when added to the Defense Costs that defense counsel had incurred, totaled less than the Retention Amount that applies to each Claim. Defense counsel advised the Respondents that the claimants' negotiated demands in each matter were "reasonable."

Section 1.C.2. of each of the insurance policies provides, in pertinent part, that the Respondents must consent to a "Settlement Opportunity"[2] within thirty (30) days. If the Respondents do not consent to the "Settlement Opportunity" then the Claimants' "liability for the Claim shall not exceed the amount for which [they] could have settled the Claim plus Defense Costs incurred up to the date of the refusal to settle." Moreover, in the event the Respondents do not timely consent to the "Settlement Opportunity," the Claimants have the right to withdraw coverage for the Claim, and no longer have any responsibility to defend and/or indemnify the Respondents.

Here, each Claim could have been settled for an amount, below the Retention Amount, even including the Defense Costs that had been incurred. The Claimants provided valid notice to the Respondents under Section 1.C.2. and more than thirty days has passed. Upon information and belief, the Respondents have not resolved any of the four Claims in compliance with Section 1.C.2. Consequently, the Claimants have issued correspondence to the Respondents and defense counsel advising that they were withdrawing coverage for each of the four Claims.

Claimants request that the Panel in this Arbitration render an Award in their favor:

---

[2] According to each policy, a "Settlement Opportunity" exists where the "Insurer recommends a settlement that does not exceed the policy's applicable Limit of Liability and which is acceptable to the claimant." *Section 1.C.2.*

KISSEL PESCE HIRSCH & WILMER LLP

Ms. Schierholz
March 26, 2007
Page 4

(1) Declaring that it is the Respondents' (and any other party or entity claiming "Insured" status under the policies) obligation under the policies to satisfy the full $100,000 per Claim Retention Amount before the Claimants are required to pay under the policies;

(2) Requiring the Respondents (and any other party or entity claiming "Insured" status under the policies) to indemnify and reimburse the Claimants for any amounts they pay or have paid with respect to any of the Claims, including any loss payments and "Defense Costs," that are within the per Claim Retention Amount;

(3) Declaring that the Claimants properly invoked Section 1.C.2. in each policy, and that as a result, the Claimants are not required to defend and/or indemnify the Respondents (and any other party or entity claiming "Insured" status under the policies) with respect to Claims;

(4) Declaring that Claimants are released of any further obligations under the subject policies; and

(5) For such other relief as the Panel deems just and appropriate.

Respectfully submitted,

Jeffrey Hirsch
Kissel Pesce Hirsch & Wilmer LLP
A Member of the Firm
Counsel for Claimants

JH/mda

cc: Peter Ticktin, Esq.
Ejola Cook, Esq.
Harry Mazadoorian, Esq.

# EXHIBIT A

40117.34
cor/

# Kissel & Pesce LLP
Attorneys at Law

555 White Plains Road
Tarrytown, New York 10591

Telephone (914) 750-5933
Facsimile (914) 750-5922

July 21, 2005

CONFIDENTIAL

VIA FACSIMILE AND CERTIFIED MAIL

Sterling Financial Investment Group, Inc.
1200 North Federal Highway, Suite 400
Boca Raton, Florida 33432

Attention: G. Robert Abrams, Esq.
General Counsel & Chief Compliance Officer

Re: Security Broker/Dealers Errors and Omissions Insurance
Insured: Sterling Financial Investment Group, Inc.
Policy No.: SF403040X
Policy Period: May 9, 2004-2005
Policy limits: $1 million each loss, including Defense Costs/$2 million in the aggregate, including Defense Costs
Retention: $100,000 in the aggregate
Subject: *Roger Wheeler and Paul Wheeler under the power of attorney for Roger Wheeler; Roger Wheeler and Mary Wheeler as Joint Tenants; Mary Wheeler v. Sterling Financial Investment Group, Inc., et al.*
Our File No.: 40117.00033

Dear Mr. Abrams:

As you are aware, this firm represents the interests of certain Underwriters at Lloyd's ("Underwriters") who issued the referenced claims made Securities Broker/Dealer Professional Liability Insurance Policy ("Policy") to Sterling Financial Investment Group, Inc. ("Sterling Financial") for the period May 9, 2004 to May 9, 2005. Further to our telephone conversation last month, this will acknowledge receipt of your letter and accompanying materials to Jude Donato of Aon Risk Services, in which you provided notice of the above referenced action instituted against Sterling Financial and other individuals and entities by the Wheeler family.

New York City
60 East 42nd Street, Suite 817
New York, New York 10165
Telephone (212) 557-7927
Facsimile  (212) 557-7950

London
81 Gracechurch Street
London EC3V OAU, England
Telephone +44 (0) 20 7398-4350
Facsimile  +44 (0) 20 7398-4351

New Jersey
111 Dunnell Road
Maplewood, New Jersey 07040-2689
Telephone (973) 275-1588
Facsimile  (973) 275-7808