### Kissel & Pesce LLP

G. Robert Abrams, Esq.
July 21, 2005
Page No.: 2

This action is presently pending before the National Association for Securities Sealers ("NASD"), Case No. 05-01877.

We appreciate your taking the time to speak to us regarding the facts of this matter. From our review of the Statement of Claim, we understand that Roger Wheeler opened several accounts with various brokerage firms, including two accounts with Sterling Financial. Allegedly, Mr. Wheeler suffers from "Alzheimer's and adult on-set attention deficit disorder [ADD]." His wife, Mary Wheeler, and his son, Paul Wheeler (hereinafter "Claimants") allege that the individual respondents knew or should have known of Mr. Wheeler's "impaired and diminished mental state" and used this to their advantage in soliciting Mr. Wheeler to open accounts with various brokerage companies. Further, Claimants attempt to paint a pattern of fraudulent and/or deceptive activity, wherein a number of the individual respondents, who are or were registered representatives in several of the named brokerage firms, knew one another, knew of Mr. Wheeler's "mental health," and contacted one another to take advantage of Mr. Wheeler's "suggestive mindset" to increase his or her commissions. We do not mean to imply that any of these allegations have merit.

Specifically, Claimants alleges 14 causes of action, as follows: (1) negligence; (2) suitability; (3) misrepresentation and fraud; (4) failure of the brokerage firms to supervise Claimant's accounts; (5) failure of the brokerage firms to supervise each of its registered representatives; (6) breach of fiduciary duties; (7) churning; (8) violation of federal securities laws; (9) violation of state securities laws; (10) violation of NASD Rules of Fair Practice; (11) breach of contract; (12) loss of investment opportunity; (13) elder abuse; and (14) unfair or deceptive practices against senior citizens. Claimants seek compensatory damages, including out-of-pocket losses, in the sum of $3 million; disgorgement of commissions; reasonable return on investments; rescission; interest; punitive damages; costs of arbitration; and reasonable attorneys' fees.

The Securities Broker/Dealer Professional Liability Insurance Policy provides a limit of liability of $1 million any one loss under Insuring Agreement A, Broker/Dealer, and $2 million in the aggregate, for claims first made and reported during the policy period or Discovery Period (if applicable). In addition, the Policy provides a limit of liability of $1 million each loss under Insuring Agreement B, Registered Representative, and $2 million in the aggregate. The Policy provides for a $100,000 retention each and every Claim, and in the aggregate, respectively. Approved defense costs are part of, and reduce, the limit of liability available to pay covered Loss.

Please be advised that, at this time, we are investigating serious coverage issues with respect to this matter. One issue concerns whether Sterling Financial properly and timely provided notice of the *Wheeler* claim. Under the notice provision of the subject policy, Sterling Financial shall, as a condition precedent to the obligations of Underwriters under the policy, give written notice to Frank Crystal & Co. of a Claim made against an Insured as soon as practicable during the Policy Period or during the Discovery Period (if applicable) as long as such Claim(s) is reported no later than 30 days after the date such Claim was first made against an Insured. We

## Kissel & Pesce LLP

G. Robert Abrams, Esq.
July 21, 2005
Page No.: 3

note that the Statement of Claim is dated March 15, 2005 although the NASD West Regional Office received it on April 18, 2005. However, Sterling Financial forwarded notice of this matter on May 12, 2005 to Aon Risk Services and not Frank Crystal & Co., the authorized representative to receive notice under the subject policy.

Please be advised that Sterling Financial is obligated to notify Frank Crystal of all claims. The danger of late reporting of a claim is a potential denial of coverage. In the future, all such matters should be timely reported. At this time, we are reserving Underwriters' rights as to this issue pending our completed investigation.

Second, you advised us that Wexford Clearing Services Corp. ("Wexford") and Bear Stearns Securities Corp. ("Bear Stearns"), both named respondents in the NASD matter, tendered their defense and indemnity to Sterling Financial pursuant to clearance agreements your company separately executed with each. You advised that Sterling Financial denied the tenders but arrived at an interim resolution, whereby the tender issue is on hold pending the arbitration panel's decision on motions to dismiss filed by the clearing companies and Sterling Financial. At this time, we reserve Underwriters' rights as to this issue pending the panel's decision on the motions to dismiss.

Third, under the subject policy, Sterling Financial has the right to select its own legal defense counsel (including in-house counsel) subject to Underwriters' approval. You advised us that Sterling Financial intends to handle this matter in-house. Please be advised that Underwriters have agreed to Sterling Financial self-defending at this time. As we discussed, if developments warrant the need to retain counsel, we would be pleased to recommend several California attorneys to assist Sterling Financial in this matter.

Lastly, a $100,000 self-insured retention applies to this matter. Sterling Financial is obligated to satisfy the retention before Underwriters have any obligations under the subject policy. Thus, all invoices should be forwarded to Sterling Financial (with a copy to us) until the retention is exhausted.

We understand that Sterling Financial's motion to dismiss is pending before the NASD. Please advise us of any developments that arise, including issues relating to Bear Stearns and Wexford. In the meantime, we ask that you forward a copy of Mr. Wheeler's account information, including his customer agreement, tickets, and any and all correspondence between Mr. Wheeler and Sterling Financial. In addition, please forward copies of the clearance agreement with Bear Stearns and Wexford. Upon our receipt of the above materials, we will review the documents and endeavor to forward a supplemental letter addressing coverage issues raised in this matter.

Our investigation into these matters is without prejudice to Underwriters' rights under the subject policy and applicable law. By referring to certain provisions of the Policy Underwriters do not intend to waive or limit any of their rights. To the contrary, we expressly reserve all of Underwriters' rights under applicable law and under the Policy, including, but not limited to, the

**Kissel & Pesce** LLP
G. Robert Abrams, Esq.
July 21, 2005
Page No.: 4

right to raise all Policy terms, conditions and exclusions as defenses to coverage where appropriate.

    Please do not hesitate to contact us should you have any questions regarding the contents of this letter. We look forward to receiving the requested information and documentation in the very near future.

                                              Yours faithfully,

                                              Jeffrey H. Hirsch.

Confirmation Report - Memory Send

```
                           Date & Time: 07-21-2005   12:44pm
                           Tel line    : 9147505922
                           Machine ID  : KISSEL PESCE
```

| | | |
|---|---|---|
| Job number | : | 161 |
| Date & Time | : | 07-21  12:43pm |
| To | : | 15618862325 |
| Number of pages | : | 005 |
| Start time | : | 07-21  12:43pm |
| End time | : | 07-21  12:44pm |
| Pages sent | : | 005 |
| Status | : | OK |

Job number   : 161              *** SEND SUCCESSFUL ***

## Kissel & Pesce LLP

**Fax Transmittal Form**

506 WHITE PLAINS ROAD
TARRYTOWN, NY 10591
PHONE (914) 750-5933
FAX (914) 750-5922

OFFICES IN
NEW YORK CITY
NEW JERSEY
LONDON

**To:** C. Robert Abrams, Esq.
General Counsel &
Chief Compliance
Officer
STERLING FINANCIAL
INVESTMENT GROUP,
INC.

Fax: (561) 886-2325
Phone: (561) 886-2200

**From:** Claudia Oliveri

Fax: (914) 750-5922
Phone: (914) 750-5933
E-mail: COliveri@kplaw.net

Date sent: July 21, 2005

No. of Pages w/Cover Sheet: 5

* * * CONFIDENTIAL * * *

CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT 914-750-5933.

**Re:** Security Broker/Dealers Errors and Omissions Insurance
Insured:       Sterling Financial Investment Group, Inc.
Policy No.:    SF403040X
Policy Period: May 9, 2004-2005
Policy limits: $1 million each loss, including Defense Costs/$2 million in the aggregate, including Defense Costs
Retention:     $100,000 in the aggregate
Subject:       Roger Wheeler and Paul Wheeler under the power of attorney for Roger Wheeler; Roger Wheeler and Mary Wheeler as Joint Tenants; Mary Wheeler v. Sterling Financial Investment Group, Inc., et al.
Our File No.:  40117.00033

Please see attached.

# Kissel & Pesce LLP

555 WHITE PLAINS ROAD
TARRYTOWN, NY 10591
PHONE (914) 750-5933
FAX (914) 750-5922

---

OFFICES IN

NEW YORK CITY
NEW JERSEY
LONDON

---

CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT 914-750-5933

## Fax Transmittal Form

To: C. Robert Abrams, Esq.
General Counsel &
Chief Compliance
Officer
STERLING FINANCIAL
INVESTMENT GROUP,
INC.

Fax: (561) 886-2325
Phone: (561) 886-2200

\* \* \* CONFIDENTIAL \* \* \*

From: Claudia Oliveri

Fax: (914) 750-5922
Phone: (914) 750-5933

E-mail: COliveri@kplaw.net

Date sent: July 21, 2005

No. of Pages w/Cover Sheet: 5

---

Re: Security Broker/Dealers Errors and Omissions Insurance
Insured: Sterling Financial Investment Group, Inc.
Policy No.: SF403040X
Policy Period: May 9, 2004-2005
Policy limits: $1 million each loss, including Defense Costs/$2 million in the aggregate, including Defense Costs
Retention: $100,000 in the aggregate
Subject: *Roger Wheeler and Paul Wheeler under the power of attorney for Roger Wheeler; Roger Wheeler and Mary Wheeler as Joint Tenants; Mary Wheeler v. Sterling Financial Investment Group, Inc., et al.*
Our File No.: 40117.00033

Please see attached

# Kissel & Pesce LLP
Attorneys at Law

555 White Plains Road
Tarrytown, New York 10591

Telephone (914) 750-5933
Facsimile (914) 750-5922

October 12, 2005

**VIA E-MAIL ONLY**

Andy Davitt
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, Pennsylvania 19103-4797

   Re: Securities Broker/Dealer Professional Liability Insurance
   Insured: Sterling Financial Investment Group, Inc.
   Policy Ref.: SF403040X
   Policy Period: May 9, 2004-2005
   Policy Limits: $1 million any one Loss and $2 million in the aggregate excess of a $100,000 each and every Claim retention (includes Defense Costs)
   Subject: *Roger Wheeler and Paul Wheeler under the power of attorney for Roger Wheeler; Roger Wheeler and Mary Wheeler as Joint Tenants; Mary Wheeler v. Sterling Financial Investment Group, Inc., et al.*
   Our File No.: 40117.00034

Dear Andy:

  As you are aware, Kissel & Pesce represents the interests of certain London Underwriters ("Underwriters") who provide Sterling Financial Investment Group, Inc. ("Sterling") with Securities Broker/Dealer Professional Liability Insurance for the above-referenced period. Further to our e-mail correspondence of August 29, 2005, we have recommended to Sterling that they retain the services of your firm to defend the company in connection to an arbitration proceeding instituted by the Wheelers against Sterling, et al. The proceeding is pending before the National Association of Securities Dealers ("NASD") and is presently venued in California.

  It is our understanding that Marshall Dennehey is working with California local counsel in arranging for Marshall Dennehey's representation in this California case. Based on my discussions with your partner Gerry Kowalski, once California local counsel enters his

New York City
60 East 42nd Street, Suite 817
New York, New York 10165
Telephone (212) 557-7927
Facsimile (212) 557-7950

London
81 Gracechurch Street
London EC3V OAU, England
Telephone +44 (0) 20 7398-4350
Facsimile +44 (0) 20 7398-4351

New Jersey
111 Dunnell Road
Maplewood, New Jersey 07040-2639
Telephone (973) 275-1588
Facsimile (973) 275-7808

**Kissel & Pesce LLP**
Mr. Davitt
October 12, 2005
Page No.: 2

appearance in the arbitration, Marshall Dennehey only needs to file a certification form with California State Bar.

On or about April 18, 2005, the Wheelers filed a Statement of Claim alleging twelve (12) causes of action: (1) negligence; (2) fraud, deceit and omission of material fact; (3) suitability; (4) breach of fiduciary duty and (5) breach of trust; (6) churning; (7) violation of the Securities and Exchange Act of 1934; (8) violation of state securities laws; (9) failure to supervise; (10) violation of NASD Rules and Regulations; (11) breach of contract; (12) breach of implied covenant of good faith and fair dealing; (13) elder abuse; (14) unfair or deceptive practices against senior citizens. They seek compensatory damages in the amount of $3 million, disgorgement of commissions, damages associated with the lost opportunity or reasonable return on the sums invested; rescission; interest; punitive damages; costs and fees.

It is our understanding that the motion to dismiss previously filed by Marc Abramson, former in-house counsel to Sterling, is still pending. Once the NASD rules on the motion, please advise. Your partner Gerry Kowalski has recently advised us that the initial pre-hearing conference is scheduled for November 1, 2005.

Enclosed, please find defense counsel guidelines. Please review, sign and return the signature page of the guidelines to us at your earliest convenience. As noted in the guidelines, we ask that this office be kept apprised of all communications concerning settlement or other significant developments with claimant and/or her representative(s). Furthermore, please note that Underwriters have agreed to your representation of Sterling in this matter at the blended rate of $250 per hour.

Please be advised that the subject policy provides for a $100,000 self-insured retention, which Sterling must satisfy. Please be aware that while Underwriters' obligations to pay costs and fees are not triggered until the retention is exhausted, we reserve Underwriters' right to audit and adjust costs and fees incurred within the retention. Therefore, we request that you direct all invoices to Sterling (with a copy to us) until the retention is exhausted.

Finally, please provide us with an estimated defense costs budget through the arbitration hearing and a summary of all defense costs expended to date.

We look forward to working with you on this matter. Please do not hesitate to contact us with any questions or comments that you may have.

Very truly yours,

Panagiota Ainalakis, Esq.

cc: Gerry Kowalski, Esq.
    Jeffrey Hirsch, Esq.

# EXHIBIT B

# Kissel & Pesce LLP
Attorneys at Law

555 White Plains Road
Tarrytown, New York 10591

Telephone (914) 750-5933
Facsimile (914) 750-5922

September 13, 2005

**VIA E-MAIL AND
FIRST CLASS MAIL**

Andy Davitt
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, Pennsylvania 19103-4797

       Re:    Securities Broker/Dealer Professional Liability Insurance
       Insured:    Sterling Financial Investment Group, Inc.
       Policy Ref.:    FD0504362
       Policy Period: May 24, 2005-2006
       Policy Limits: $1 million any one Loss and $2 million in the aggregate excess of a $100,000 each and every Claim retention (includes Defense Costs)
       Claimant:    Carmella Donnino
       Our File No.:    40117.00035

Dear Andy:

    As you are aware, Kissel & Pesce represents the interests of certain London Underwriters ("Underwriters") who provide Sterling Financial Investment Group, Inc. ("Sterling") with Securities Broker/Dealer Professional Liability Insurance for the above-referenced period. We have recommended to Sterling that they retain the services of your firm to defend the company in connection to an arbitration proceeding instituted by Carmella Donnino ("Donnino") against Sterling and Newbridge Securities Corp. The proceeding is pending before the National Association of Securities Dealers ("NASD") and is presently venued in Florida.

    On or about July 18, 2005, Donnino filed a Statement of Claim as Trustee of the Antonio Donnino and Carmella Donnino Family Trust and Marital Trust alleging three (3) causes of action: (1) breach of fiduciary duty; (2) negligence; and (3) negligent supervision. She seeks damages in the range of $100,000 to $500,000, plus punitive damages; a reasonable return on her retirement capital; interest; attorney's fees and costs.

| New York City | London | New Jersey |
|---|---|---|
| 60 East 42nd Street, Suite 817 | 81 Gracechurch Street | 111 Dunnell Road |
| New York, New York 10165 | London EC3V 0AU, England | Maplewood, New Jersey 07040-2689 |
| Telephone (212) 557-7927 | Telephone +44 (0) 20 7398-4350 | Telephone (973) 275-1588 |
| Facsimile (212) 557-7950 | Facsimile +44 (0) 20 7398-4351 | Facsimile (973) 275-7808 |

**Kissel & Pesce LLP**
Mr. Davitt
September 13, 2005
Page No.: 2

It is our understanding that your firm recently received an extension of time for Sterling to file its answer to the Donnino Statement until September 23, 2005. Please provide us with a draft of your prepared answer before filing.

Enclosed, please find defense counsel guidelines. Please review, sign and return the signature page of the guidelines to us at your earliest convenience. As noted in the guidelines, we ask that this office be kept apprised of all communications concerning settlement or other significant developments with claimant and/or her representative(s). Furthermore, please note that Underwriters have agreed to your representation of Sterling in this matter at the blended rate of $250 per hour.

Please be advised that the subject policy provides for a $100,000 self-insured retention, which Sterling1 must satisfy. Please be aware that while Underwriters' obligations to pay costs and fees are not triggered until the retention is exhausted, we reserve Underwriters' right to audit and adjust costs and fees incurred within the retention. Therefore, we request that you direct all invoices to Sterling (with a copy to us) until the retention is exhausted.

Finally, please provide us with an estimated defense costs budget through the arbitration hearing and a summary of all defense costs expended to date.

We look forward to working with you on this matter. Please do not hesitate to contact us with any questions or comments that you may have.

Very truly yours,

Panagiota Ainalakis, Esq.

cc:   Gerry Kowalski, Esq.
      Patricia Keenan (Sterling)
      Jeffrey Hirsch, Esq.